[No. 6,874.]

## GOSS *v.* STRELITZ et al.

Mechanic's Lien—Claim—Mistake.—In a claim of lien by a material-man it was stated, that bricks of a specified value, (quantity or number not stated) were furnished for the construction of defendants' building, between February 20th and April 14th, 1877. In an action to foreclose the lien, the complaint alleged, and the Court found, that the plaintiff commenced to deliver the bricks on the sixth day of February, and that the statement of February 20th as the date was a mistake; and that, between the former date and April 14th, bricks were delivered by the plaintiff to the quantity and value alleged in the complaint. *Held*, that the plaintiff was entitled to recover only for the bricks furnished between the dates stated in the claim; and that, as the quantity furnished between those dates did not appear from the finding, a new trial was necessary.

Argument for Respondent.

Id.—Id.—Id.—A claim of lien is not an instrument in the nature of a written contract, to be reformed by a Court of Equity in appropriate cases; but it is a prerequisite to the maintenance of a proceeding which gives a plaintiff an extraordinary remedy, to secure the benefit of which he must comply with the terms of the statute.

Id.—Application of Payments.—Pending the delivery of the bricks, and within a few days thereafter, the original contractor paid money to the plaintiff, without specially directing the application of the payments; and the plaintiff applied a portion of the money to the payment of a debt, due him from the contractor previous to the making of the contract. *Held*—by McKee, J., concurring—that he had no right to do so.

Appeal from a judgment for the plaintiff, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. Sepulveda, J.

The facts are stated in the opinion.

*Brunson & Wells,* for Appellant.

The application of $225.25 by Goss, of our money—paid by us to Weixel, and by Weixel to Goss—to the payment of an old account not in any way connected with this contract, cannot be allowed. (Sergeant's Lien Law, 193; *Harker* v. *Conrad,* 12 Serg. & R. 301.)

Plaintiff having stated in his notice of lien the time within which he furnished material, he is confined in his proof to that time. During that time he furnished material to the amount of $1,653.25, and in the same time he received $1,750. The law must be strictly construed. (*Bottomly* v. *Grace Church,* 2 Cal. 90; *Wood* v. *Wrede,* 46 Id. 638; *Stein* v. *Schultz,* 23 Ill. 599; *Protective Union* v. *Nixon,* 1 E. D. Smith, 671.)

*Thom & Stephens,* for Respondent.

The statement of the time when the work was begun is clearly surplusage. (Code Civ. Proc. § 1187.) The notice is complete without reference to the time when the work was commenced, and error in that respect will not vitiate it, under the maxim, *utile per inutile non vitiatur.*

The payment by the contractor was general, without any directions as to how it should be applied, and the plaintiff had the right to make the application. (Civ. Code, § 1479 subd. 2;

*Van Norden* v. *Buckley*, 5 Cal. 283 ; *Haynes* v. *Waite*, 14 Id.
447 ;  Civ. Code, § 1479 subd. 3, § 1477 subd. 3–4.)

Department No. 1, McKinstry, P. J. :

Section 1187 of the Code of Civil Procedure—a section which
forms part of the chapter which treats of "Liens of Mechanics
and others upon Real Property"—reads :

"Every original contractor, within sixty days after the com-
pletion of his contract, and every person, save the original con-
tractor, claiming the benefit of this chapter, must, within thirty
days after the completion of any building, improvement, or
structure, or after the completion of the alteration or repair
thereof, or the performance of any labor in a mining claim, file
for record with the County Recorder of the county in which
such property, or some part thereof, is situated, a claim contain-
ing a statement of his demand, after deducting all just credits
and offsets, with the name of the owner or reputed owner, if
known, and also the name of the person by whom he was em-
ployed or to whom he furnished the materials, with a statement
of the terms, time given, and conditions of his contract, and also
a description of the property to be charged with the lien, suffi-
cient for identification, which claim must be verified by oath of
himself or of some other person."

Within thirty days after the completion of the building for
which the material was furnished, plaintiff, a material-man, filed
his *claim of lien*, the portions whereof necessary to be considered
are as follows :

"Such interest as Jacob Strelitz, the owner of said building,
had therein on the 20th day of February, 1877, when said ma-
terials were commenced by me to be furnished for said build-
ing.   That Jacob Weixel is the person by whom I was employed
to furnish the said material, and at whose instance and request
I did furnish the same ; he, the said Weixel, being the contractor
of said building.   That the following is a true statement of my
demand, for which I claim said lien, namely—materials, to wit :
Bricks to the amount and of the value of $2,125 in United States
gold coin, which said bricks were furnished by me to be used,

and were in fact used, in the construction of the said building. That neither the said Jacob Weixel nor the said Jacob Strelitz, nor any one for them, or either of them, have paid me any part of said sum of $2,125, except $1,429.25 thereof, and that the sum of $695.75 in United States gold coin is now justly due to me from said Jacob Weixel and Jacob Strelitz for said materials so furnished and used as aforesaid, after deducting all just credits and offsets. That the said bricks were commenced by me to be furnished for the construction of said building on the 20th of February, 1877, and were continued so to be furnished up to and including the 14th day of April, 1877, and that thirty days have not elapsed since the completion of said building. That according to the conditions of sale, the said materials were to be paid for in United States gold coin, and within thirty days after the delivery thereof."

Recorded liens bind a building only ninety days, unless in the meantime suits shall be brought to foreclose them; the statute provides for the enforcement of the *liens* of the sub-contractors and material-men against the particular property of the owner of the building and surrounding lands, and attempts to create no privity by which the latter shall become personally indebted to the former; it is the *liens* which are to be marshaled, and their relative rank declared; the scheme as a whole, as well as its details, indicates the purpose of the law-makers that the rights of sub-contractors and material-men should be ascertained by reference to the *liens as filed*, or should rest upon proof of contracts between them and the original contractor such as accord with the terms and conditions set forth in the claims of lien.

The number or quantity of brick supplied by plaintiff is not mentioned in his *claim*, and there is nothing from which either defendant or other claimants could be informed of the actual demand for which the lien is claimed, except the alleged *value* and the dates between which the brick are said to have been furnished. For aught that appears from the findings of the Court below, the brick for which plaintiff recovered may all, or all but the smallest portion of them, have been furnished antecedent to the date when the delivery of brick was commenced, according to the statement in plaintiff's *claim of lien*. It affirm-

atively appears that some of the brick were furnished prior to that date ; the Court finding that "the statement in the lien (as to dates of delivery) was made by *mistake* of plaintiff, and is erroneous." This action was not brought to obtain a correction of plaintiff's lien. But, if it were, a claim of lien is not an instrument in the nature of a written *contract*, to be *reformed* by a Court of Equity in appropriate cases. It is rather a prerequisite to the maintenance of a proceeding which gives a plaintiff an extraordinary remedy, to secure the benefit of which he must comply. with the terms on which the statute extends to him the statutory relief.

The findings do not show but that plaintiff has been more than paid for the brick furnished between the dates mentioned in the claim of lien, and for this reason alone the judgment should be reversed.

Judgment and order reversed, and cause remanded.

Thornton, J., concurred.

McKee, J., concurring :

I concur in the judgment, because, in addition to the reasons given by Mr. Justice McKinstry, I think the Court below erred in finding that the contractor was indebted to the plaintiff on the 22nd of April, 1877, in the sum of $600, for a balance due for the bricks which the plaintiff had furnished for the construction of the building of the defendant.

The admissions of the plaintiff in the asserted lien, and those in the complaint, as to the value of the bricks, and the proofs of the plaintiff as to the money which he had received from time to time on account of them, conclusively show that the contractor was not indebted to the plaintiff, at the utmost, more than $375. And assuming it to be true, as in the asserted lien it is stated and verified by the oath of the plaintiff, that the plaintiff commenced to furnish bricks for the building on the 20th of February, 1877, and continued to furnish them from time to time until the 14th of April, 1877, it is not proven that the contractor was indebted to the plaintiff in any sum whatever for which the defendant would be legally chargeable in

this action. It is true that the Court finds that the plaintiff applied a portion of the money which he received from the contractor on account of the bricks, to the satisfaction of a balance of an open general account which he had had against the contractor; and in that way it finds the sum of $600 to have been due the plaintiff. But the plaintiff had no authority to make such an application of the money. He could not legally apply any portion of it to extinguish an obligation arising out of general dealings between himself and the contractor, unconnected with the contract under which he was furnishing bricks for the defendant.

All payments made by the owner of a building to his contractor, and those made by the contractor to a material-man for materials furnished to be used in a building, should be applied in satisfaction of the original contract. Neither the contractor, nor a material-man, nor workman upon a building, can legally apply any portion of such payments to the satisfaction of general debts or demands existing between himself and others who may be entitled to file liens upon the building against the owner. If that could be done, it would have the effect of subjecting the owner to payment of other debts between the contractor and his employees, outside of his building contract.

Mr. Justice ROSS being disqualified, did not take part in this decision.