## F. G. HENTIG v. F. KERNKE.

PHYSICIAN'S SERVICES, *Liability for*. Where the testimony shows that A., a physician, is called by B. to render professional services, without any specification as to whom or on whose account such services are to be rendered, and in response thereto goes to B.'s house and renders such services in medical attention to one who is the father of B. and a member of his family, all the while looking to B. alone for compensation, and after the services are rendered presents his bill therefor to B., who makes no objection thereto, but promises to pay it, *held*, that such testimony makes out a *prima facie* case against B. for the amount of the bill.

*Error from Shawnee District Court.*

ACTION brought by *Kernke* against *Hentig*, on an account for the plaintiff's services as a physician. Trial at the January Term, 1881, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*Hentig & Sperry*, for plaintiff in error.

*Sheafor & Sheafor*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on an account for physician's services, and the single question presented for our consideration is, whether the verdict is sustainable upon the evidence. This question must be answered in the affirmative. For notwithstanding the conflict in the testimony, if the case was presented upon that of the plaintiff alone there would be little doubt as to the proper answer, and the conflict is settled by the jury. That testimony showed that defendant came to the plaintiff and called for his services, without specifying to whom or on whose account they were to be rendered; that upon such call plaintiff went to the house of defendant and rendered the services to one who was a present member of defendant's family, looking all the while to defendant for his compensation; that after the services were rendered he presented his bill to defendant, who did not disclaim his liability therefor, but on the contrary promised to pay it. This makes a much stronger case than that of *Pacific Rld. Co. v. Thomas*, 19 Kas. 256. Indeed, it would seem as though only one conclusion could properly be reached upon such testimony, and that is that there was a contract between the parties for services, which contract was performed by plaintiff, with corresponding liability on the part of defendant for compensation. It is true the person to whom the services were rendered was an adult person, the father of defendant, and only temporarily

a member of defendant's family.  But *prima facie*, the head of a family is responsible for all debts which he contracts for any member of the family.  If plaintiff was called by defendant to render service to any member of his family, he had a right to look to defendant for his compensation, in the absence of notice that some one else was responsible.  And while a child may be under no legal obligation to support an aged parent or receive him into his family, yet if he does receive him into the family, he is *prima facie* responsible for services which he calls upon strangers to perform for the benefit of such parent.

It is unnecessary to refer to the contradictory testimony, for the jury evidently believed that of the plaintiff, and as that justified the verdict we cannot sustain the claim of error.

The judgment will be affirmed.

All the Justices concurring.