SARAH J. DRAKE *et al.* v. M. T. GREEN *et al.*, *partners as the Chicago Lumber Company.*

MECHANIC'S LIEN — *Amendment of Statement.* A statement for a mechanic's lien, filed before the law of 1889 authorizing such statements to be amended went into effect, cannot be amended after the statutory period for filing the same has elapsed, so as to change the description of the property sought to be charged to a distinct and separate lot from that described in the statement as originally filed in the office of the clerk of the district court.

*Error from Sedgwick Court of Common Pleas.*

THE opinion states the material facts.

*J. E. Hume,* for plaintiffs in error.

Opinion by GREEN, C.: This was an action to foreclose a mechanic's lien, brought by the Chicago Lumber Company in

the common pleas court of Sedgwick county, against the plaintiffs in error. The mechanic's lien was properly filed in the office of the clerk of the district court on the 24th day of October, 1887, to cover lot 25 on Burns avenue, in Ford's second addition to the city of Wichita, for $1,332.33, on account of material furnished. The petition alleged that the building was completed on the 2d day of September, 1887, and that a statement for a lien was filed in the office of the clerk of the district court, giving the date of the filing, and alleging as a description of property, "lot 25 on Burns avenue, in Ford's second addition to Wichita," and that on the 24th day of October, 1887, the plaintiff furnished Sarah J. Drake a copy of the statement of the lien. The defendants below answered by a general denial, except that it was admitted that Sarah J. Drake owned the property described in the petition. It was admitted on the trial that Jackson & Plank were the contractors, and that the Chicago Lumber Company had furnished the lumber and material as claimed in the petition. There was no question raised about the filing of the lien or the service of a copy upon the owner of the property attempted to be charged with the lien. During the progress of the trial it was disclosed that the improvements for which the material was furnished were for a building on lot 24, Payne avenue, in Ford's second addition to the city of Wichita, and that the last-described tract of ground was a distinct lot from the land described in the lien and petition. The plaintiffs moved to amend the statement for a lien, as well as the allegation of the petition, so as to conform to the facts, and the court allowed the same, over the objections of the defendants, and gave judgment for the plaintiff for the amount claimed.

It is first urged that the lien law, as it existed prior to the law passed in 1889, did not permit any such amendments to be made, and that the enactment allowing a lien to be amended could have no retrospective effect; that the act of the legislature can only be construed to have a prospective operation, unless it is obvious from the statute itself that the legislature intended otherwise. Chapter 168 of the Laws of 1889 pro-

vided that any lien statement might be amended by leave of the court, in furtherance of justice, the same as pleadings, except as to the amount claimed. We think, under the unbroken current of authorities, a mechanic's lien statement cannot be so amended after the statutory period for filing has elapsed as to change the description of the property entirely, unless upon express statutory authority. (15 Am. & Eng. Encyc. of Law, 178; 2 Jones, Liens, § 1455; Phil. Mech. Liens, § 426; *James v. Van Horn,* 39 N. J. L. 356.) .

Can it be claimed that the law of 1889 authorized the amendment? We think not. The enactment is prospective in its nature and cannot be well construed to have a retrospective operation. It has even been questioned whether the legislature would have the power to give the law such an effect. (*Swayze v. Wade,* 25 Kas. 559.) The general rule of interpretation is, that "statutes are not to be construed as to have a retrospective effect, unless such construction be required in the most explicit terms, the presumption being that they are to operate prospectively." (15 Am. & Eng. Encyc. of Law, 180.) Mr. Chief Justice Fuller said, in the case of *Sheveport v. Cole,* 129 U. S. 43: "Constitutions as well as statutes are construed to operate prospectively only, unless, on the face of the instrument or enactment, the contrary intention is manifest beyond a reasonable question."

We think the amendment of the mechanic's lien statement was unauthorized, and that the court erred in allowing it to be made.

It is recommended that the judgment of the court be reversed, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.