SAMUEL N. BELL, APPELLANT, V. AUGUSTUS F. BOSCHE
ET AL., APPELLEES.

FILED SEPTEMBER 19, 1894.   No. 5345.

1. **Mechanics' Liens:** STATEMENT: DESCRIPTION OF PROPERTY.
   One who claims the benefits of the mechanics' lien law must
   show a substantial compliance with each essential requirement
   thereof, one of which is that the sworn statement to be filed shall
   contain a description of the land upon which the labor was done
   or material was furnished for the purpose contemplated by such
   law.   A description of property in such statement which is en-
   tirely inapplicable to the land actually benefited cannot be made
   effective to any extent for the purpose of subjecting the land
   actually built upon to the operation of the lien claimed. *Holmes
   v. Hutchins*, 38 Neb., 601, followed.

2. ———: ———: ———: SUBSEQUENT PURCHASERS OF LAND:
   This rule holds good as well in favor of one who was the owner
   of the land at the time the improvements were erected as in favor
   of a subsequent purchaser.

3. **Estoppel.** Whether under certain states of facts the owner might
   not be estopped from urging the error in the statement as a de-
   fense to the lien, *quære.*

APPEAL from the district court of Douglas county.
Heard below before DOANE, J.

*Howard B. Smith,* for appellant.

*Hall & McCulloch* and *Kennedy & Learned, contra.*

IRVINE, C.

This is an appeal by Bell from a decree denying a me-
chanic's lien which he sought to foreclose against property
alleged to belong to the defendant Bosche.   The conclusion
reached upon one of the questions presented renders a state-
ment or decision of the others unnecessary.

The petition alleged that the building, out of the erec-

tion of which plaintiff's claim accrued, was situated on lot
12, block 1, Poppleton Park, an addition to Omaha, but
by mistake the premises were described in the claim of lien
as the north half of lot 13, block 11, Poppleton Park;
that this mistake was caused by a misdescription of the
property given to plaintiff by Bosche, willfully and for the
purpose and intention of misleading the plaintiff in filing
his lien.   The answer placed these allegations in issue.
We are satisfied from an examination of the evidence that
the plaintiff wholly failed to establish the allegations by
which he sought to relieve himself from the effect of the
erroneous description and procure a reformation of the lien.
The plaintiff testifies that he remembers distinctly that he
asked Bosche for a description of the lot before any work
was done, and this for the purpose of obtaining a permit
to erect the building.   Further, " I recollect distinctly that
Mr. Bosche told me the building was to be erected on the
north half of lot 13, in block 1, in Poppleton Park."   But
the lien as filed described the north half of lot 13, in block
11, in Poppleton Park; so that if all Mr. Bell says be true,
he did not rely upon the description given him by Bosche
and did not follow it.  Mr. Bosche asserts that he never
gave Bell any description of the property.   Bell testifies
that the claim of lien was prepared under the instructions
of Mr. Walz, his foreman, during Bell's absence, and that
on his return Bell, supposing Walz had used the descrip-
tion in the permit and that it was correct, signed his name
and made oath to the claim.   If the mistake occurred in
this way, it evinces a high degree of negligence on the part
of Bell in making oath to a paper without examining it;
but Walz also contradicts Bell.   The evidence was clearly
insufficient to establish the facts pleaded as estopping
Bosche from asserting the error in description, and it is,
therefore, unnecessary to consider whether or not such facts,
if established, would be legally sufficient for that purpose.

We are, therefore, brought to a consideration of the

question whether, in the absence of circumstances operating by way of estoppel, a lien can be enforced on a claim which does not describe the property sought to be charged, or whether a court of equity can reform an erroneous description, it not appearing that the rights of third persons have intervened. In *Holmes v. Hutchins*, 38 Neb., 601, a similar question was considered, and it was there held that if the required statement be so defective as not to impart notice of the property sought to be charged, there survives, after four months, no right to the lien as against purchasers. In that case an effort was made to reform the description as against a purchaser after the expiration of the statutory period for filing liens, and the language of the court is confined to the question presented; but the authorities there cited in support of the conclusion reached, that there can be no such reformation, draw no distinction between cases where new rights have accrued and others. Indeed, so far as the facts appear, in none of these cases were there intervening rights. To the cases referred to in *Holmes v. Hutchins* may be added *Goss v. Strelitz*, 54 Cal., 640; *Vreeland v. Boyle*, 37 N. J. Law, 346; *Dearie v. Martin*, 78 Pa. St., 55; *Drake v. Green*, 48 Kan., 534. All were cases against the original owner, at least so far as the reports show. In *Goss v. Strelitz, supra*, the reason which prevents a reformation is stated to be that the instrument is not in the nature of a contract to be reformed in appropriate cases, but a prerequisite to the maintenance of a proceeding giving an extraordinary remedy, to secure the benefit of which the plaintiff must comply with the terms on which the statute affords him relief. In *Vreeland v. Boyle, supra*, this reason is supplemented by showing that the claim is not a pleading or proceeding which may be amended under statutes relating to procedure. We hold, therefore, that a substantial compliance with those provisions of the statute relating to the filing of a sworn statement is a prerequisite to the enforcement of a mechanic's lien, and that where the state-

ment filed is so defective as not by its terms to impart notice as to the property sought to be charged, such defective statement cannot be reformed, after the expiration of the period allowed for filing such claims, and that no lien attaches, even as against the owner at the time the labor was performed or the material furnished. This is true at least when no facts exist sufficient upon general principles to constitute an estoppel against the owner. The claim of lien being radically defective, the decree of the district court was right and is

AFFIRMED.