[Argued December 20, 1893; decided January 15, 1894.]

## PATTERSON *v.* GALLAGHER.

[S. C. 35 Pac. Rep. 454.]

25  227
f32  408

MECHANIC'S LIENS — FIXTURES.— Mechanics and material men are not entitled to liens for material or work unless the same has become part of the building or structure; no lien attaches for mere fixtures which are removable.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This suit was brought by S. Patterson and P. Gillam against W. K. Smith and Geo. Woodward, the owners of certain property, and Martin Gallagher, their tenant, to foreclose an alleged lien.   In January, eighteen hundred and  ninety-two, the defendant Gallagher leased of the defendants Smith and Woodward one of several apartments on the ground floor of a three-story brick building, belonging to them in Portland, for a saloon, and employed the plaintiffs, who are plumbers, to connect his bar with the waterpipes of the building and with the sewer, for which they charged the sum of ninety-seven dollars, and now seek to enforce it as a lien against the building.   The matter was referred to Jarvis V. Beach,

Esq., who advised the foreclosure of the lien, and it was so ordered by the circuit court.

Reversed.

*Mr. Joseph Simon* ( *Messrs. Cyrus A. Dolph* and *Rufus Mallory* on the brief), for Appellant.

*Mr. Victor K. Strode* ( *Mr. Chas. N. Wait* on the brief), for Respondents.

Per Curiam.

Several objections are made to the validity of the lien, but as we are of the opinion that the labor performed and material furnished do not entitle the plaintiff to a lien on the building under the mechanic's lien law, the other questions need not be considered.　The statute confines the right to a lien to a person "performing labor upon or furnishing material to be used in the construction, alteration, or repair, either in whole or in part, of any building," etc.:　Hill's Code, § 3669.　Labor upon or material used in the construction, alteration, or repair of a building is the test of the right to a lien under this statute.　"In other words," says Finch, J., "the work and material, both in fact and intention, must have become a part and parcel of the building itself":　*Ward* v. *Kilpatrick*, 85 N. Y. 413, 39 Am. Rep. 674.　The right to a lien proceeds upon the theory that the work and material for which the lien is sought has increased the value of the building by becoming a part thereof; and where such labor is performed or material furnished at the request of a tenant, in order to charge the property of the landlord, it must appear, therefore, in addition to the other requisites of section 3672, that such labor and material entered into and became a part of the building, and not merely a fixture for the mere convenience of the

tenant:   *McMahon* v. *Vickery*, 4 Mo. App. 225.   Now, in this case it is clear the labor performed and material used by the plaintiffs did not become a part or parcel of the building, but were solely for the use and convenience of the tenant in conducting his business and removable by him whenever he might cease to be such.   They were fixtures like the bar to which they were attached, and were not more permanently connected with the building. It follows that the judgment of the court below must be reversed and the complaint dismissed.        REVERSED.

[Argued December 13, 1893; decided January 15, 1894; rehearing denied.]