Decided January 26; rehearing denied April 11, 1898.

## FITCH *v.* HOWITT.

[52 Pac. 192.]

Time of Filing Mechanic's Lien.— Under section 3673 of Hill's Ann. Laws, a lien for materials furnished to a contractor may be filed at any time within 30 days from the completion of the building, although more than that period may have elapsed from the time the last material was furnished: *Ainslie* v. *Kohn*, 16 Or. 363, and *Curtis* v. *Sestanovich*, 26 Or. 107, approved and followed.

Extent of Contractor's Agency.—The agency created by section 3669, Hill's Ann. Laws, providing that every contractor having charge of the construction of any building shall be deemed the agent of the owner of the building, is special and not general; under it the contractor can bind the property benefited for the reasonable value of only such material as is ordinarily sufficient to properly construct the building according to the requirements of the contract.

Unused Material Not Lienable. — Under section 3669, Hill's Ann. Laws, granting a lien to materialmen "furnishing material to be used in the construction," etc., of any building, the test of lienability is use; there cannot be a lien unless the material has benefited the owner by being consumed in the construction of the building.

Idem.— Where materials are furnished to a contractor to be used in the construction of a building, but only a part of them are so used, the rest being diverted to other places and uses, a lien can be enforced for only the part that benefited the owner of the building: *Pilz* v. *Killingsworth*, 20 Or. at page 435, *Gordon* v. *Deal*, 23 Or. at page 155, and *Patterson* v. *Gallagher*, 25 Or. 227, followed.

Presumption as to Use of Material— Burden of Proof.— Lienable material furnished to be used in the construction of a building was presumptively so used; and the burden of proof is on the owner to show otherwise: *Harrisburg Lumber Company* v. *Washburn*, 29 Or. 150, distinguished.

Statement of Amount Due—Good Faith.— The fact that one seeks to enforce a mechanic's lien for a greater amount than he is entitled to does not preclude a lien for the proper amount, where he acted through an honest mistake.

From Multnomah: Loyal B. Stearns, Judge.

This is a suit by Fitch & Bryson to foreclose a mechanic's lien for materials furnished defendant J.

F. McHenry, to be used in a house he was erecting upon the land of the defendant Joseph Howitt, under a contract with the latter. The defendants, F. E. Beach, H. A. Hogue and Nottingham & Company, having furnished to the contractor materials to be used in the construction of said building, filed claims for the value thereof, respectively, as follows: $273.05, $392.87 and $32, — and, severally answering the complaint, set up, by way of cross bill, the facts constituting the right of each claimant to a lien on the real property sought to be charged therewith, and prayed that the same might be foreclosed. The defendant Howitt denied that either of the claims of Beach or Hogue contained a true statement of his demand, and also denied that the claim of Nottingham & Company was filed within the time prescribed by law. The replies having put in issue the allegations of new matter contained in the answers, a trial was had; and the court found from the evidence that materials of the value of $80 and $67.87, furnished by Beach and Hogue, respectively, were not used in said building, and gave a decree to Beach for $193.05, and $25 as attorney's fees; to Hogue, for $325, and $70 as attorney's fees; to Nottingham & Company, for the amount demanded; ordered a sale of said land and building, and an application of the funds arising therefrom to the discharge of the several amounts so awarded. And Beach and Hogue each appeals from that portion of the decree disallowing a part of their respective claims, while Howitt appeal from the whole thereof, in favor of either of said defendants.

AFFIRMED.

For Jos. Howitt there was an oral argument by *Mr. Robert Graves Morrow*, with a brief to this effect:

The lien of Nottingham & Company was not filed until over two months after the last material had been furnished, though within 30 days after the building was completed. This is clearly not within the requirement of section 3673 of the code. We submit that the case of *Ainslie* v. *Kohn*, 16 Or. 363, holding the contrary, is a plain misstatement of the law, is entirely without foundation in either the statute or justice, and should be overruled.

Neither Beach nor Hogue should be allowed liens for material not used. The criterion in this class of cases is whether the property owner has been benefited — has the work and material gone into his house? The right to a lien proceeds upon the theory that the work and material for which a lien is sought has increased the value of the building by being used therein: *Silvester* v. *California Mining Company*, 80 Cal. 510; *Bewick* v. *Muir*, 83 Cal. 368; *Chapin* v. *Persse Paper Works*, 30 Conn. 461 (79 Am. Dec. 263); *Hunter* v. *Blanchard*, 18 Ill. 318 (68 Am. Dec. 547); *Hill* v. *Bowers*, 45 Kan. 592; *McGarry* v. *Averill*, 50 Kan. 362 (34 Am. St. Rep. 120); *Taggard* v. *Buckmore*, 42 Me. 77; *Ward* v. *Kilpatrick*, 85 N. Y. 413 (39 Am. Rep. 674); *Pilz* v. *Killingsworth*, 20 Or. *arguendo* at page 435; *Gordon* v. *Deal*, 23 Or. *arguendo* at page 155; *Patterson* v. *Gallagher*, 25 Or. 227 (42 Am. St. Rep. 794). The statutes under which these decisions were made are, in substance, our language, viz.: California, "furnishing material to be used in" etc.; Connecticut, "for ma-

terials furnished for"; Illinois, "furnish materials for
erecting"; Kansas, "furnish material for erecting";
Maine, "furnish materials for or on account of"; New
York, "furnish material to be used." We submit this
branch of the case on the proposition that the lien, in
every case, should be limited to the value of the article
used, believing that the other rule is unsound in logic,
and unjust and dishonest in practice. The choice
must be made between two rules, and we believe the
New York and Kansas rule is the preferable one,
because it is right in principle and fair in practical
application.

The power of the contractor to bind the land-
owner is not modified or enlarged by the statutory
provision making the contractor the agent of the
owner; he was the agent without this provision, and
it is manifest that there can be no lien laws without
his having some power. This rule is one of necessity
if materialmen are to have liens, and was recognized
by this court in the discussion in the case of *The
Victorian*, 24 Or. at page 138, where this language is
used: "The contract of the owner with the contractor
necessarily authorizes the contractor to procure ma-
terials to construct the boat." This was decided
under a statute that does not explicitly make the con-
tractor the owner's agent. It seems to me that the
question is, what is the limit of this power? Is the
contractor a general agent with authority to order
what he pleases or is he a limited agent with power
to bind his principal for only such material as is
needed for the proposed structure? There are some
other cases, notably those from Pennsylvania and

Minnesota, holding that the property owner is bound to pay ₁or everything that his contractor may choose to buy and order charged against him, on the ground that the owner has by employing the contractor given the public to understand that the latter is his general agent. Inasmuch as the relationship of principal and agent is created by the statute without the consent of the property owner, it would be in accord with the general rules of law to confine the agency to the procuring of such materials as are necessary.

There is in the notice an inextricable confusion of lienable and non-lienable items; no list is attached from which the two classes of materials can be determined: *Williams* v. *Toledo Coal Company*, 25 Or. 426; *Harrisburg Lumber Company* v. *Washburn*, 29 Or. 150; *Allen* v. *Elwert*, 29 Or. 444; *Getty* v. *Ames*, 30 Or. 573.

For H. A. Hogue and F. E. Beach there were oral arguments by *Messrs. Harry Wildey Hogue* and *Geo. Gordon Gammans*, with briefs to this effect:

Where the statute gives a lien upon a building for material furnished to be used in its construction the materialman is entitled to a lien for the value of all material of suitable kind and quality furnished by him in good faith to or at the instance of the owner or his agent, statutory or otherwise, regardless of whether all the material was actually used in the construction of the building or not: 2 Jones on Liens, 1329; 15 Am. & Eng. Enc. Law (1st Ed.), 41; Phillips on Mechanic's Liens (3d Ed.), § 148, *et seq.*; *Rankin* v. *Malarkey*, 23 Or. 593; *Willamette Mills Company* v.

*Shea,* 24 Or. 40; *Huttig* v. *Denny Hotel Company,* 6
Wash. 122; *Wallace* v. *Melchoir,* 2 Browne (Pa.), 104;
*Case of Olympic Theater,* 2 Browne (Pa.), 275; *Presby-
terian Church* v. *Allison,* 10 Pa. (Barr.) 413; *Hinchman*
v. *Graham,* 2 Serg. & R. (Pa.) 170; *Harker* v. *Conrad,* 12
Serg. & R. (Pa.) 301 (14 Am. Dec. 691); *White* v. *Miller,*
18 Pa. St. 52; *Odd Fellows' Hall* v. *Masser,* 24 Pa. St.
507; *Singerly* v. *Doerr,* 62 Pa. St. 9; *Oppenheimer* v. *Mor-
rell,* 118 Pa. St. 192; *Linden Steel Company* v. *Refining
Company,* 146 Pa. St. 4; *Linden Steel Company* v. *Manu-
facturing Company,* 158 Pa. St. 238, 244; *Greenway* v.
*Turner,* 4 Md. 296; *Watts* v. *Whittington,* 48 Md. 357;
*Morris Bank* v. *Rockaway Company,* 14 N. J. Eq. 189;
*Beckel* v. *Petticrew,* 6 Ohio St. 247; *Daniel* v. *Weaver,* 5
Lea (Tenn.), 392; *Trammel* v. *Mount,* 68 Tex. 210 (2
Am. St. Rep. 479); *Hickey* v. *Collom,* 47 Minn. 565;
*Burns* v. *Sewell,* 48 Minn. 425; *Combination Steel Com-
pany* v. *St. Paul Railway Company,* 52 Minn. 203;
*Neilson* v. *Railway Company,* 51 Iowa, 184, 190; *Chi-
cago Artesian Well Company* v. *Corey,* 60 Ill. 73; *Ess-
lenger* v. *Huedner,* 22 Wis. 632; *Manufacturing Com-
pany* v. *Hunter,* 15 Neb. 37; *Irish* v. *Pheby,* 28 Neb.
231; *Weir* v. *Barnes,* 38 Neb. 875; *Morrison* v. *Han-
cock,* 40 Mo. 561; *Central Trust Company* v. *Railroad
Company,* 54 Fed. 598; *Richmond Construction Com-
pany* v. *Railroad Company,* 68 Fed. 105; *Fibbetts* v.
*Moore,* 23 Cal. 208.

A contractor having charge of the erection of a
building is the agent of the owner for all purposes
incident to such work, and, among others, that of
procuring material. The rules of law touching prin-
cipal and agent are to be given their ordinary sig-

nification in this connection: *Pilz* v. *Killingsworth*, 20 Or. 432; *Cross* v. *Tscharnig*, 27 Or. 49; *Osborn* v. *Logus*, 28 Or. 302; *Post* v. *Miles*, 34 Pac. 586; *Oppenheimer* v. *Morrell*, 118 Pa. St. 192; *Neeley* v. *Searight*, 113 Ind. 598; *Parker* v. *Bell*, 7 Gray, 431; *Weeks* v. *Walcott*, 15 Gray, 54.

Even under statutes by which no lien is given for material furnished to be used but not used in a building, the inclusion in the claim of all the material furnished for the building does not invalidate the lien. An honest mistake in the amount or price of labor or the quantity or value of material furnished, about which there might be a difference of opinion requiring evidence to ascertain the true facts, will not defeat the lien. This is especially true where no one has been misled by the statement: 2 Jones on Liens, §§ 1408, 1413; *Nicolai* v. *Van Fridagh*, 23 Or. 149; *Rowland* v. *Harmon*, 24 Or. 529; *Osborn* v. *Logus*, 28 Or. 302 (42 Pac. 997); *Bolster* v. *Stocks* (Wash.), 43 Pac. 534; *Peterman* v. *Brewing Company* (Wash.), 39 Pac. 452; *Duggan* v. *Logging Company*, 10 Wash. 84; *Whitter* v. *Mill Company*, 6 Wash. 190 (36 Am. St. Rep. 149); *Harmon* v. *Railroad Company*, 86 Cal. 617; *Barber* v. *Reynolds*, 44 Cal. 519; *Goodrich* v. *Gillies*, 82 Hun. 18 (31 N. Y. S. 76); *Gaskell* v. *Beard*, 58 Hun. 101 (11 N. Y. S. 399); *Price* v. *Merritt*, 55 Mo. App. 640; *Midland Lumber Company* v. *Kreeger*, 52 Mo. App. 418, 424; *Allen* v. *Mining Company*, 73 Mo. 688; *Culver* v. *Serott*, 153 Ill. 437; *Scheibner* v. *Cohn*, (Mich.) 65 N. W. 760; *McGonagle* v. *Wilson*, 61 N. W. 495; *Lamon* v. *Lefeure*, 96 Mich. 175; *Green Bay Lumber Company* v. *Miller*, 62 N. W. 742; *Harrington*

v. *Dolman*, 64 Ind. 255; *Kiel* v. *Carll*, 51 Conn. 440; *Nichols* v. *Culver*, 51 Conn. 177; *Thomas* v. *Huesman*, 10 Ohio St. 153.

It is the inseparable blending of items for which the law gives no lien (because they are not lienable in their nature) with lienable items which defeats the entire claim, and not the blending of lienable items, some of which remain unproved, or not proved to their full extent: *Schulenberg Lumber Company* v. *Strimple*, 33 Mo. App. 154; *Pullis* v. *Hoffman*, 28 Mo. App. 666; *Johnson* v. *Building Company*, 23 Mo. App. 546.

For Nottingham & Company there was a brief by *Mr. Fred Larkin Keenan* to this effect:

But one question is presented as to the claim of Nottingham & Company in this suit, *i. e.*, may a lien be filed within 30 days after the completion of the building, though not within 30 days of the furnishing of materials? This is not *res nova* in this court, and in view of the adjudicated cases we deem any discussion of the point unnecessary: *Ainslie* v. *Kohn*, 16 Or. 363; *Curtis* v. *Sestanovich*, 26 Or. 120; *Slight* v. *Patton*, 96 Cal. 384.

MR. CHIEF JUSTICE MOORE, after making the foregoing statement of facts, delivered the opinion.

It is contended by Howitt's counsel that Beach and Hogue knew that certain material furnished by them, respectively, was not used in the building, and that the claims therefor were therefore willfully false; that,

while Nottingham & Company filed their claim within 30 days from the completion of the building, more than that period had elapsed after such material was furnished, and for these reasons no lien attached in either case to the real property sought to be incumbered in this statutory method. Counsel for Beach and Hogue jointly maintain that the material provided by their clients was furnished to be used in the erection of said building, and this fact alone entitles them to their liens for the respective amounts so demanded, notwithstanding some of this material may have been diverted from the purpose for which it was originally intended; while counsel for Nottingham & Company insist that their client, having filed their claim within 30 days from the completion of the house, complied with the requirements of the statute conferring the lien.

Considering first the rights of the latter claimants, the question is presented whether the lien was lost by the failure to file the notice thereof within 30 days from the time they ceased to furnish the material, it being admitted that it was filed within 30 days from the completion of the building. In *Ainslie* v. *Kohn*, 16 Or. 363 (19 Pac. 97), the court, construing in *pari materia* sections 3673 and 3678 of Hill's Ann. Laws, held that the claim of lien, if filed within 30 days after the completion of the structure, was a compliance with the requirements of the statute. THAYER, J., in writing the opinion, says: "Whether the claim was filed within 30 days after the work and material were furnished is unimportant, provided it was done within 30 days after the house was completed." While

this interpretation of the statute may be somewhat doubtful, it was approved in *Curtis* v. *Sestanovich*, 26 Or. 107 (37 Pac. 67); and, having become a settled rule, it must be held that the claim of Nottingham & Company was filed within the time prescribed by law, and hence the lien was thereby preserved.

Considering Beach's claim next, the evidence tends to show that McHenry, at the time Howitt's building was in process of construction, was erecting a building for himself, and also another structure, known as the "Reed House"; that Beach furnished to McHenry material of the value of $297.05 to be used in the construction of Howitt's building, and delivered the same at the site thereof, but that McHenry, without Beach's knowledge, removed therefrom and used in the Reed building a portion of said material, of the value of $80; that Beach made no charges for material furnished on account of the latter building, but had an account, and charged McHenry, individually, with the value of certain material which he supposed was furnished for his own dwelling; that in a settlement with McHenry, on account of the contract price for the completion of the Reed house, it was discovered that certain material used therein was manufactured by Beach, or came from his establishment, whereupon the sureties on McHenry's bond for the faithful performance of said contract informed Beach of the discovery, who inspected the building, ascertained the value of such material, and accepted from the said sureties the sum of $80 in payment therefor, which amount he credited upon McHenry's individual account. Thereafter Beach filed a claim against Howitt's

building for the full amount of the material furnished to be used, but the court, disallowing the value of the part so diverted therefrom, and used in the Reed house, gave a decree for the balance due; and this presents for consideration the extent of the authority of a contractor to bind the owner of a building for material furnished to be used in its construction. The statute upon this subject, so far as applicable to the case at bar, reads as follows: "Every * * * lumber merchant * * * furnishing material * * * to be used in the construction * * * of any building * * * shall have a lien upon the same for the * * * material furnished at the instance of the owner of the building * * * and every contractor * * * having charge of the construction * * * of any building * * * shall be held to be the agent of the owner for the purposes of this act": Hill's Ann. Laws, § 3669. While the legislative assembly has thus declared the effect of the relation existing between the owner of real property and one who has entered into a contract with him for the erection of a building thereon, it has not defined the measure of the authority delegated, so that it becomes necessary to consider whether the contractor, in such case, is the general or special agent of the owner. If the former, he could doubtless bind his principal by every act connected with the duty intrusted to him, and, by the purchase and appropriation of unnecessary material, entail a burden upon him, the extent of which could be measured only by his avarice. If the latter, however, his authority would be limited to the procurement of material reasonably sufficient in

quantity for the completion of the structure in accordance with the terms of his contract,— a limitation of which persons dealing with him as such agent would be obliged to take notice.

In *Andrews* v. *Kneeland*, 6 Cow. 354, SAVAGE, C. J., in distinguishing between these two classes of agents, and the measure of their respective powers, says: "The difference between a general and a special agent is well understood. The principal is bound by the acts of a general agent, provided they are within the scope of his authority. But an agent constituted for a particular purpose, and under a limited and circumscribed power, cannot bind his principal by any act beyond his authority." In *Morrison* v. *Hancock*, 40 Mo. 561, under a statute of Missouri which provides, in substance, that every person furnishing any material for a building shall have a lien upon the same, whether it was supplied at the request of the owner or contractor, it was held that the contractor was the agent of the owner. FAGG, J., in rendering the decision of the court, and defining the power of such agent, says: "Under the provisions of the special law authorizing this proceeding, these contractors, for certain purposes and to a certain extent, are to be treated as the agents of the company, with authority to bind it to the extent of the material necessary to complete their contract,"— in effect holding that the contractor is the special agent of the owner; for, if the agent can bind the principal to the extent only of the material necessary for the completion of the building, then it necessarily follows that he would be powerless to bind him for the payment of more

than that quantity, and, his authority being thus limited, he is a special agent. Section 3669 of our statute confines the lien to the property benefited by the material entering into the construction of a building, and, in doing so, the statute, in effect, limits the power of the contractor; for, were he the general agent of the owner, he could undoubtedly bind the latter personally for the payment of the balance due on account of the material purchased, if the proceeds of a sale of the property subject to the lien were insufficient to satisfy the demands of the materialman: *Deardorff* v. *Everhartt*, 74 Mo. 37.

The contractor, being in the nature of a special agent of the owner, with limited power, has authority to bind the property benefited for the payment of the reasonable value of such material only as is ordinarily sufficient properly to construct the building in accordance with the plans and specifications thereof, or in pursuance of the agreement entered into between the owner and contractor: *Pilz* v. *Killingsworth*, 20 Or. at page 435 (26 Pac. 305); *Gordon* v. *Deal*, 23 Or. at page 155 (31 Pac. 287); *Patterson* v. *Gallagher*, 25 Or. 227 (42 Am. St. Rep. 794, 35 Pac. 454). It is admitted that all the material so provided by Beach was furnished, as he understood, to be used in Howitt's building. This fact rendered such material lienable, and entitled him to a lien which could ordinarily be enforced for the reasonable value of such an amount thereof as might be found sufficient to complete the structure into which it entered. But, the house having been fully completed, certain doors, windows and locks which were furnished therefor, not having been

used therein, the value thereof was properly deducted from the amount claimed; for while it is hardly possible to compute with accuracy the quantity of some material necessary to complete a structure, in consequence of a waste in cutting and adjusting it to the place intended, there is little room for error in calculating the number of doors, windows, locks, etc., required, and if, after a building is fully completed, any of such material remains, the reasonable value thereof cannot become a charge against the property, because it has not entered into or become a part thereof.

All the material so provided by Beach having been lienable, he had a right to file his claim for the full amount so supplied, which it must be presumed was used in the building; for it cannot be expected that a materialman would be obliged to watch the progress of a structure, to see that every stick of timber or other material so supplied by him was used therein, and if the owner would defeat a foreclosure of the lien for the amount demanded, the burden should be cast upon him to allege and prove that some of the material, if the accurate amount thereof was capable of computation in advance, or, if not, that an unreasonable quantity thereof, remained unused after the building was fully completed, or that, without his consent, it had been removed from the building site. The conclusion here reached is not in conflict with the opinion announced in the case of *Harrisburg Lumber Company* v. *Washburn*, 29 Or. 150 (44 Pac. 390); for in that case it was admitted that a portion of the material for which the plaintiff sought to enforce a lien against a church was furnished to be used in the construction

32 Or.—27.

of a sidewalk around the lots upon which the building
was erected, thus showing that the purpose for which
the material was supplied rendered it nonlienable as
against the church.   At the time Beach filed his claim,.
he had no knowledge that the material used in the
the Reed house had been diverted from Howitt's build-
ing, but, supposing that some employee sent it out,.
who neglected to charge it to the proper building, he
accepted $80, as the value thereof, from those whose
duty it was to keep down any claim that might be filed
against the Reed house, and credited the amount so-
received on McHenry's individual account.   Had he-
knowingly accepted this money, and purposely neg-
lected to credit the same upon the account against.
Howitt's building, thereby seeking to enforce a claim
against said property for the payment of McHenry's
debts, a different rule would prevail; but we think the-
evidence clearly shows that it was an honest mistake,.
in view of which the decree in his behalf should not.
be disturbed.

It is admitted that Hogue furnished to McHenry,.
to be used, as he understood, in the construction of
Howitt's building, material of the value of $392.87,.
which was delivered to McHenry's teamsters at
Hogue's factory, but that a part thereof, valued at.
$55.50, was never taken to the said building, and that
another part, of the value of $12.38, was removed
therefrom, and used elsewhere.   The court, however,.
deducting the value of the material which never
reached, and that which was diverted from, Howitt's
building, gave a decree in favor of Hogue for the

sum of $325, the value of the material used in said building, in which award we find no error.

Beach and Hogue each complain of the allowance made by the trial court in his behalf on account of attorney's fees, but, inasmuch as no evidence on this branch of the subject is to be found in the transcript, it must be presumed that the amounts so awarded are reasonable, and for this reason they will not be disturbed.   It follows that the decree will be affirmed.

                                       AFFIRMED.