Argued July 1, modified July 28, rehearing denied October 6, 1914.

## BURNESS *v.* HONEYMAN HARDWARE CO.

(143 Pac. 641.)

**Mechanics' Liens—Enforcement—Jurisdiction—Retention for Complete Relief.**

1. In a suit against an owner and contractor to enforce a mechanic's lien, though the right to the lien was denied, the court properly retained equitable jurisdiction to enforce plaintiff's claim against a fund in the hands of the owner due the contractor.

**Mechanics' Liens—Enforcement—Pleading and Proof—Amount of Recovery.**

2. In a suit to enforce a mechanic's lien, where the complaint alleges the value of labor and material at a certain sum, which is not denied, though the authority of the plaintiff to furnish the labor and material is questioned, the claim, if allowed, must be granted in the full amount alleged.

[As to effect of filing mechanic's lien for more than is due, see note in Ann. Cas. 1914D, 988.]

From Multnomah: George N. Davis, Judge.

Department 2.   Statement by Mr. Justice Eakin.

This is a suit by D. T. Burness, doing business under the name and style of Burness & Martin, against the Honeyman Hardware Company and the Portland Tool Works, to foreclose a mechanic's lien. Honeyman Hardware Company was the owner of the lots, and by its agent, Hurley-Mason Company, contracted with the defendant Portland Tool Works for the construction and completion of the marquise thereon, in which it was provided that it was to be bound by no claims for bills for any changes in construction, or for any claim or bill for extra labor, time or material, unless said changes and said extras should be first ordered in writing by said owner or its agent. A portion of the construction of said marquise, to wit, all of the sheet metal work thereon, the furnishing of the material, the fabrication thereof into forms, members and molds,

and putting the same into place, was sublet by the said Portland Tool Works to the plaintiff. Plaintiff's bill sued for in this case was for extra material and labor made necessary on account of changes made by the Portland Tool Works in the said marquise and additions thereto, which were made without instructions from the owner in writing; said extra work and material being of the reasonable value of $354.75. The amount of the original contract price for said work was paid to plaintiff, but defendants refused to pay for the said extra work and material. The plaintiff duly filed a mechanic's lien for the amount of said extra work and material, and brings this suit to foreclose the same against the Honeyman Hardware Company and the Portland Tool Works. In addition to the lien set up, plaintiff alleges that there was in the hands of the Honeyman Hardware Company the sum of $1,100 due to the defendant Portland Tool Works on said contract, and asks that the same be applied upon plaintiff's claim. The court found in favor of the plaintiff in the sum of $250, and held that he had no lien against the Honeyman Hardware Company, but ordered that it retain out of the moneys due the Portland Tool Works the said sum and pay the same to the plaintiff. A decree in favor of the plaintiff was rendered thereon, and both the Portland Tool Works and plaintiff appeal.

MODIFIED.    REHEARING DENIED.

For appellant Portland Tool Works there was a brief and an oral argument by *Mr. W. J. Makelim.*

For respondent there was a brief over the name of *Messrs. Sears & Benedict,* with an oral argument by *Mr. G. A. Benedict.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. There are a number of errors set out in the assignments, but they relate largely to matters admitted in the pleadings, which we need not notice at this time. Defendant the Portland Tool Works presents but one question, namely, whether the court erred in rendering judgment against the defendant Portland Tool Works after the plaintiff had failed to establish his right to a lien, or any other equitable relief. The defendant insists that there is no equity in plaintiff's favor, and urges the case from that standpoint; but there was in the case a special fund from which plaintiff was entitled to payment, and in equity he had the right to look to that fund. The decree is not only for the judgment, but it directs that the Honeyman Hardware Company retain and pay out of funds in its hands the amount of said bill due the Portland Tool Works. This was a matter of equitable cognizance, and the court had a right to retain jurisdiction for the purpose of reaching that fund.

2. As to the cross-appeal, it involves a question of fact, and the court has found that the reasonable value of the additional labor and material is $250. The allegation of the complaint in relation thereto is that the value of said material and labor is $354.75, and is not denied by the answer. Only the authority of the plaintiff to furnish the same is questioned, and not the amount thereof, and, when allowed, must be granted in the full amount alleged.

Finding of fact No. 8 will be modified, by changing the $250, the amount of the bill, to $354.75, and the first conclusion of law modified, by making the $250, the amount of the claim allowed, $354.75.

The decree will be modified accordingly, and the appeal of the defendant Portland Tool Works will be disallowed.            MODIFIED.    REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.