Motion to dismiss appeal denied July 29, 1924, submitted on briefs April 5, reversed and remanded June 26, 1928.

NORTHWEST LBR. & FUEL CO. *v.* CLARENCE L. PLANTZ ET AL.

(227 Pac. 1116; 268 Pac. 763.)

No appearance *contra.*

PER CURIAM.— This is a motion to dismiss an appeal on the ground that the amount in controversy is less than $250. Suit was brought to foreclose a materialman's lien for the sum of $84 and there was a decree for the defendants.

Chapter 153 of the General Laws of Oregon for 1923 provides, among other things, that "no appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages unless it appears from the pleadings in the case that the amount in controversy exceeds $250." It will be seen from this quotation that this applies only to action for the recovery of money or damages. This being a suit in equity to foreclose a lien, the provisions of Chapter 153 do not apply, and the motion to dismiss will be overruled.       Motion Denied.

### ON THE MERITS.

(268 Pac. 763.)

This is a suit to foreclose a mechanic's lien. The plaintiff furnished certain lumber to be used in the erection and construction of a dwelling-house for defendant Clarence L. Plantz and Viola H. Plantz, this material being furnished to the contractor of Mr. and Mrs. Plantz. Within five days after beginning to furnish this material the plaintiff mailed a notice to the Drexel Land Company stating that it was furnishing such materials and that a lien might be claimed for all such materials and supplies furnished. At this time, the Drexel Land Company was the legal owner of this property, although Mr. and Mrs. Plantz had a contract for its purchase. Within thirty days after the completion of the building the plaintiff filed its lien statement. In this statement, it claimed a lien for all materials furnished to the contractor for use on the building, and gave the proper credit for payments made. This statement of materials furnished is as follows:

| 1922. | | | |
|---|---|---|---|
| May 29th | materials | 14005 | $ 20.70 |
| June 5th | " | 14238 | 16.55 |
| June 9th | " | 14388 | 1.08 |
| June 13th | " | 14505 | 18.50 |
| June 17th | " | 14649 | 22.35 |
| August 21st | " | 1285 | 6.80 |
| August 21st | " | 1322 | 1.11 |
| August 28th | " | 1510 | 18.17 |
| | | | 105.26 |
| July 14th. Credit by cash | | | 20.70 |
| Balance due | | | $ 84.56 |

The court refused to foreclose the lien. There were no findings of fact entered by the court, but the fact on which the court relied is apparently contained in the following extract from its decree:

"Having considered the law and the evidence and it appearing therefrom by the weight of the testimony that an appreciable part of the material sold by the plaintiff for the construction of the Plantz's house, and for which a lien is herein claimed, did not go into that building, but was used elsewhere, and it being impossible to determine from either the testimony or from the lien the value of such material, it becomes necessary to deny the lien."

The plaintiff assigns as error the signing and entering of a decree in favor of the defendants, and in failing to sign a decree granting to the plaintiff the relief prayed for in his complaint. Plaintiff appeals. REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Murdoch & Crum* and *Mr. Nicholas Jaureguy*.

For respondent there was a brief over the name of *Mr. W. K. Royal.*

BEAN, J.—It is not claimed in this case that the lien is defective in any way or that the amount prayed for in the complaint is excessive. The receipt of the material for which a lien is claimed is likewise unquestioned. The sole complaint of the defendant is that some of the material furnished was not used in the construction of this particular building, hence the plaintiff should not be allowed to claim a lien for any part thereof.

■ Without entering into a detailed discussion of the authorities, we hold that even though some of the material for which a lien is claimed was not used in the construction of the Plantz's house, the lien should stand. The value of the controverted material could easily be ascertained. Where the materialman, through an honest mistake, files a lien claim for an amount greater than is due him, the lien will not be defeated for that reason alone. This rule has been invoked in numerous Oregon decisions: See *Fitch* v. *Howitt*, 32 Or. 396, 409 (52 Pac. 192); *West Side Lumber & Shingle Co.* v. *Herald*, 64 Or. 210 (128 Pac. 1006, Ann. Cas. 1914B, 876); *Burness* v. *Honeyman Hardware Co.*, 72 Or. 498 (142 Pac. 641).

In considering this case let us first direct our inquiry to the question of whether or not it is necessary that all of the material be actually used in the construction of the building. Volume 2, Jones on Liens (3 ed.), Section 1329, says:

"In most of the states, however, the actual use of the materials is not requisite if they were furnished for a particular building or improvement. 'To require direct and positive testimony * * that as to each specific article delivered, that it was in fact used in the building, would make the mechanics' lien law more of a burden and a trap than a blessing and help.' "

Mr. Chief Justice MOORE, speaking for the court in *Fitch* v. *Howitt*, 32 Or. 396, 409 (52 Pac. 192), used the following language:

"All the material so provided by Beach having been lienable, he had a right to file his claim for the full amount so supplied, which it must be presumed was used in the building; for it cannot be expected

that a materialman would be obliged to watch the progress of a structure, to see that every stick of timber or other material so supplied by him was used therein, and if the owner would defeat a foreclosure of the lien for the amount demanded, the burden should be cast upon him to allege and prove that some of the material, if the accurate amount thereof was capable of computation in advance, or, if not, that an unreasonable quantity thereof, remained unused after the building was fully completed, or that, without his consent, it had been removed from the building site.''

██ In view of the fact that the burden falls upon the defense to allege and prove that the material furnished was not used in the construction of the building, the question arises, Do the pleadings and evidence sustain him here? The answer consists of a general denial, putting in issue all of the material allegations of the complaint. After a careful examination of the evidence, we conclude that a delivery of the material, by the plaintiff, was sufficiently shown. We likewise conclude that the defendant has failed with his burden of proving that the material was not used in the particular building in question.

The contractors and carpenters, who testified in the case, were uncertain as to whether or not the material in question was used in the building. This unsatisfactory testimony, much of which was inadmissible, is not sufficient to overcome the presumption that the material delivered was used for the purpose for which it was purchased.

Mr. Fred S. Day, the carpenter who had charge of the building of the house, and the man who handled all of the material used in its construction, was handed an invoice containing, among other

things, some of the material in question here. His testimony on behalf of defendant is, in part, as follows:

"Q. Well, now, examining plaintiff's exhibit F–1, and continuing to examine it, state whether or not that material was used on the job? A. Three items I can state positively were; I am doubtful about the other three. * *

"Q. You don't know whether they were or were not? A. No. I don't."

His testimony is equally uncertain relative to some two by eights which are questioned. He is, however, a little more positive about the controverted spruce siding, although he admits on cross-examination that some of it might have been put on the house without his knowledge. His cross-examination brought out the following:

"Q. He did get spruce; it was delivered on the job, but you say it was not put in? A. I can't say that it was.

"Q. You can't say it was or it wasn't put in? A. I can't say it was not put in."

This testimony, coupled with the fact that witness Day receipted for the delivery of the lumber, is illustrative of how the defendant has failed with his burden of proof.

It is the opinion of this court that the plaintiff fully established his claim and should recover. The case will be reversed and remanded, with instructions for the lower court to enter a decree granting to plaintiff the relief prayed for in its complaint.

REVERSED AND REMANDED.