Argued July 7, reversed and remanded with instructions September 13, petition for rehearing denied October 18, 1977

WATKINS, *Appellant,*

*v.*

ST. CHARLES MEMORIAL HOSPITAL, INC., *Respondent.*

(No. 20318, SC 25001)

569 P2d 4

Charles R. Marsch, Bend, argued the cause and filed briefs for appellant.

William M. Holmes, Bend, argued the cause for respondent. On the brief were Robert S. Lovlien, and Gray, Fancher, Holmes & Hurley, Bend.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

**HOLMAN, J.**

This is a suit to foreclose a lien for materials allegedly used in the construction of defendant hospital. Plaintiff appeals from a decree for defendant.

The only issue in the case is whether there was sufficient proof that the materials for which the lien was filed were used in the construction of defendant hospital in the city of Bend. It is apparent that the trial judge thought that the proof was insufficient.

The established rule is that the statutory conditions to the existence of a lien must be complied with by the lien claimant. *Lemire v. McCollum,* 246 Or 418, 426, 425 P2d 755 (1967). The applicable statute is ORS 87.010(1), which provides that "any * * * person * * * furnishing *any material to be used* in the construction * * * shall have a lien * * *." (Emphasis added.) While the prerequisites to the lien must be established, this does not mean that the proof must foreclose any possibility to the contrary, since to so hold would defeat the purpose of the lien statute. It is only required that the evidence preponderate. We quoted the following language from 2, Jones on Liens § 1329 (3d ed) in *Northwest Lbr. & Fuel Co. v. Plantz,* 126 Or 69, 73, 268 P 763 (1928):

> "* * * 'To require direct and positive testimony * * * that as to each specific article delivered, that it was in fact used in the building, would make the mechanics' lien law more of a burden and a trap than a blessing and a help.' "

If it is satisfactorily shown that the materials which were furnished were to be used in the construction of a certain building, the burden is placed upon the owner to prove that it was not so used. *Northwest Lbr. & Fuel Co. v. Plantz, supra; Fitch v. Howitt,* 32 Or 396, 409, 52 P 192 (1898).

The materials furnished by plaintiff were primarily for blasting and were sold to Dieffenbach Construction Company, which had subcontracted to do the excavating for the hospital building and for approximately

one-half mile of ditches for sewers and water mains in connection therewith. Plaintiff called as a witness the office manager for Dieffenbach at the time of the purchases who testified that $5,858.87 worth of the materials itemized in plaintiff's lien was used in connection with the construction of defendant hospital. Although Dieffenbach was working on other jobs simultaneously with the hospital project, the witness testified that during the time covered by the invoices, October 14, 1973, to February 21, 1974, no blasting took place anywhere except at the hospital site.

Defendant called as a witness the foreman of the contractor under whom Dieffenbach subcontracted who testified that no blasting occurred in the construction of the hospital after December 3, 1973. Defendant also called another witness who was in charge of laying all the pipes whose diary indicated there was blasting by Dieffenbach as late as December 19 but none thereafter. The trial court was particularly impressed by this testimony of defendant's witnesses concerning the lack of blasting. However, the materials which were furnished after December 19 amounted to only $171.95.

The office manager of Dieffenbach was questioned closely concerning whether he was absolutely sure that all the materials had been used in the construction of the hospital. He testified that although the materials had been purchased solely for use on the hospital job, he admittedly had not seen most of them used. He also testified that it was usual for such items to be used immediately due to the problem of the storage of explosives.

██ As indicated previously, the proof does not have to be to an absolute verity. In one instance in this case, the trial judge excluded an invoice from evidence entirely (for which, therefore, we have no record) because the witness testified that he was only 90 percent sure the material had been used in the construction of the hospital. This was not proper; few

controverted facts can be proved to a verity of 90 percent. It was the fashion at one time to require such strict proof that it was almost impossible to prove a lien, but that day has gone by. This is an equity case which we try de novo, and we are convinced that the material, with the exception of that delivered after December 19, 1973, was used in the construction of defendant hospital. When we deduct those invoices after December 19, we are left with total lienable items amounting to $5,686.92.

■ Defendant raises the point that payments made to plaintiff by Dieffenbach were credited to equipment rentals rather than to materials furnished for the hospital. There is no evidence that Dieffenbach directed that payments made to plaintiff be applied in any particular manner, and plaintiff was therefore entitled to apply the payments as he saw fit.

It is also claimed by defendant that because the total lien sought to be enforced was $6,087.84, it was negligently or fraudulently overstated by the inclusion of non-lienable items, even though segregated, and the lien should therefore be invalidated in its entirety. There is absolutely no evidence in this case which indicates that plaintiff was guilty of any flagrant negligence or intentional overstating as that which was found in *J. W. Copeland Yards v. Phillips,* 275 Or 193, 550 P2d 438 (1976).

■ Defendant also contends, on the authority of *Hume v. Seattle Dock Co.,* 68 Or 477, 137 P 752 (1914), that the items were not lienable, because there was no evidence that plaintiff was furnishing the materials with the understanding that they were going to be used in the particular improvement. The cited case does not stand for the proposition that the materialman is not entitled to a lien in such circumstances when, as here, it is satisfactorily proved, upon a proper allocation of the burden of proof, that the materials were actually used in the particular structure upon which the lien is sought. In any event, the evidence is

contrary to defendant's assertion on this point since plaintiff served upon defendant the requisite statutory notice at the commencement of delivery.

The decree of the trial court is reversed and the case is remanded for foreclosure of plaintiff's lien in the sum of $5,686.92, together with a $5 fee for drawing the lien, a $72 charge for its recordation, and a reasonable attorney's fee to be set by the trial court.