Argued and submitted March 10, affirmed April 16, 1997

## Gary J. ROTARIUS,
dba Gary Rotarius Trucking,
*Respondent,*

*v.*

## Lawrence D. EDWARDS,
Grace I. Edwards,
husband and wife,
*Appellants.*

## Brad BENNINGTON,
dba Bennington Construction,
*Intervenor Plaintiff,*

*v.*

## Lawrence D. EDWARDS,
Grace I. Edwards,
husband and wife,
*Defendants.*

(92-0243-L-1; CA A90515)

936 P2d 401

Matthew Sutton argued the cause for appellants. With him on the briefs were Douglas J. Richmond and Kellington, Krack, Richmond & Blackhurst LLP.

Bryan E. Blodgett argued the cause for respondent. With him on the brief was Grantland, Grensky & Blodgett.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendants Lawrence D. and Grace I. Edwards appeal from an amended judgment[1] enforcing plaintiff Gary J. Rotarius' construction lien under ORS 87.010(1). On *de novo* review, *Watkins v. St. Charles Mem. Hosp.*, 279 Or 327, 331, 569 P2d 4 (1977), we affirm.

In June 1991, plaintiff contracted with defendants' subcontractor, B & T Excavating, Inc. (B & T), to deliver shale and crushed rock to defendants' property where defendants' contractor, Brad Bennington (Bennington) was constructing a building for defendants. Plaintiff began delivery in July. When B & T expressed dissatisfaction with the shale and rock that plaintiff was delivering, plaintiff suggested a substitute fill material and delivered one or two truckloads of that material as a sample for B & T and Bennington to inspect. Bennington authorized use of the substituted material. Plaintiff then delivered an amount specified by Bennington and B & T, which was used as fill at the site. Subsequently, defendants fired Bennington, hired a new contractor and ordered the new contractor to remove and replace both the shale and the substituted fill material that plaintiff had delivered.

Plaintiff filed a construction lien, pursuant to ORS 87.010(1), for the value of the material he had delivered and brought this action to foreclose the lien. That statute provides:

> "*Any person* performing labor upon, transporting or *furnishing any material to be used in*, or renting equipment used in the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished or equipment rented at the instance of the owner of the improvement or the construction agent of the owner." ORS 87.010(1). (Emphasis supplied.)

The trial court, relying on *Dailey v. Cremen*, 80 Or 183, 156 P 797 (1916), held that plaintiff's lien was enforceable.

---

[1] The judgment on appeal disposes of all claims between plaintiff and defendants pursuant to ORCP 67 B. Intervenor Bennington is not a party to this appeal.

On appeal, defendants contend that the trial court erred in concluding that plaintiff has an enforceable lien, because the fill material provided by plaintiff was not incorporated into the improvement. According to defendants, a "construction lien can only be enforced to the extent that the furnished materials become 'part and parcel' of the completed improvement," and the Supreme Court's contrary holding in *Dailey* does not control the outcome here. Plaintiff responds that his construction lien meets the requirements of ORS 87.010(1), and that defendants are merely attempting to "camouflage the clear applicability of *Dailey*."

■■ The dispositive question is whether a construction lien is valid only if the material provided becomes "part and parcel" of the completed project. The answer to that question depends on whether the phrase, "material to be used in," in ORS 87.010(1) contains such a requirement. By its terms, ORS 87.010(1) does not contain the requirement that material become part and parcel of the completed project in order for a construction lien to be valid. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (in construing a statute, we first look to the plain meaning of the terms). Furthermore, the Supreme Court in *Dailey*, construing Lord's Oregon Laws, section 7416, a precursor statute to ORS 87.010(1) that contained the phrase "to be used in," did not adopt a "part and parcel" requirement in determining the validity of a construction lien. Section 7416 provided, in part:

> "Every * * * person performing labor upon or furnishing *material*, or transporting or hauling any material of any kind *to be used in the construction* * * * of any building * * * shall have a lien upon the same for the work or labor done or transportation *or material furnished* * * *." (Emphasis supplied.)

In *Dailey*, a number of liens against the owner of a building for certain material used in the alteration and repair of the building were joined for foreclosure. The owner objected to the validity of the liens on the ground that the material did not comply with city ordinances and therefore had to be torn out and replaced. The Supreme Court upheld the validity of the liens. It reasoned:

"The fact that a portion of the material used in the alterations made in the building was subsequently torn out and other materials substituted can make no difference as to the right of the lienor to recover. He furnishes material 'to be used' on the projected improvement, and, if it is actually furnished and used, it is not his fault that it is so used or of such a character that it is afterward torn out and other material substituted." *Dailey*, 80 Or at 188-89.

Defendants attempt to distinguish *Dailey* on the facts. Unlike *Dailey*, they argue, the project in this case was not complete when defendants decided to remove the fill material. Furthermore, defendants removed all of the material that plaintiff delivered and made it available for him to reclaim. Consequently, defendants derived no benefit from the fill material that plaintiff delivered. Finally, plaintiff knowingly furnished the substituted material.

None of those factual distinctions makes a difference in this case. By its terms, and under the Supreme Court's interpretation of similar language, ORS 87.010(1) does not require that material that is "to be used in" the construction of an improvement become part and parcel of that improvement in order for a construction lien to be valid. Plaintiff delivered substitute fill material that had been authorized by defendants' agent, Bennington. The material was used, notwithstanding that it subsequently was removed.

The other cases cited by defendants are distinguishable and do not undermine the authority of *Dailey*.

Affirmed.