Argued July 12, affirmed September 12, 1916.

CLARK v. CLARK.

(159 Pac. 969.)

Pleading—Verification—Striking Out.

1. It is proper to strike a pleading from the files when it is not properly verified.

Appeal and Error—Discretion of Trial Court—Amendment—Verification.

2. The action of a trial court in permitting or refusing an amendment of verification is discretionary, and not reviewable on appeal.

Dismissal and Nonsuit—Grounds—Unverified Pleading.

3. Where a complaint has been properly stricken from the files for want of a verification without leave to amend, the plaintiff has no standing in court, and the dismissal of the suit follows as a matter of course, irrespective of the reasons therefor given by the presiding judge.

From Multnomah: HENRY E. McGINN, Judge.

Department 1.    Statement by MR. JUSTICE BENSON.

This is a suit by Marcella Clark against A. E. Clark, The following facts appear by the record:

Plaintiff filed her complaint herein on January 7, 1915, and on January 12th, defendant filed a motion to strike it from the files for want of verification.  On January 25th an order was made by Judge GANTENBEIN, of Department No. 6, directing that the cause be reassigned, and thereafter it was assigned to Department No. 3, in which Judge McGINN presided.  The motion to strike was heard in the latter department, and a decree entered on February 20th striking the complaint from the files and dismissing the suit. Plaintiff perfected her appeal from such decree in March, and on July 7th obtained from Judge GANTENBEIN, of Department No. 6, an order allowing her to amend her complaint by verifying the same and directing that the order be entered *nunc pro tunc* as of January 14th, and thereafter, on July 12th, the same judge made and entered an order vacating and canceling the order and entry of July 7th.                    AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Thomas McCusker* and *Mr. Seneca Fouts*.

For respondent there was a brief with oral arguments by *Mr. John F. Logan* and *Mr. Bardi G. Skulason*.

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. There are several assignments of error, but it is necessary to consider but one: Did the court err in striking the complaint from the files and dismissing the suit? It does not require a citation of authorities to show that it is proper to strike a pleading from the files which is not properly verified. It is settled in this state that the action of a trial court in permitting or refusing an amendment of verification is discretionary, and not reviewable here: *Blanchard* v. *Bennett*, 1 Or. 328. In the case at bar there is no record of any application for leave to amend, and no order permitting amendment until long after the decree was entered, and then by a judge before whom the matter was not pending. Even that order was afterward vacated during the term at which it was made, and cannot now be considered as affecting the case.

3. Her primary pleading having been properly stricken from the files without leave to amend, the plaintiff had no standing in court. Litigation cannot proceed if there is no complaint. Hence dismissal of the suit followed as a matter of course irrespective of the reasons given by the presiding judge for his decision. Under these circumstances there was no error in the decree, and it is therefore affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE MCBRIDE concur.