N. W. BLANCHARD, HENRY M. KNIGHTON and JOHN W. WATTS, Plaintiffs in Error, *v.* SQUIRE BENNETT and JAMES CAMPBELL, Defendants in Error.

*Error to Columbia.*

1. The allowance of amendments to a verification rests in the discretion of the Circuit Court, and cannot be revised here.
2. Appeals lie in all cases from final decisions in courts of justices of the peace, and in county courts ; and that the remedy by *certiorari* is concurrent.
3. The jurisdiction and authority of a person, administering an oath, must appear in his certificate.

THIS case was originally commenced in the County Court of Columbia County, and was there dismissed on motion of defendants, and a judgment for costs rendered against the plaintiffs. Plaintiffs then removed the case to the Circuit Court of said county by appeal. In the Circuit Court, plain-

tiffs moved to amend their verification to the complaint, which motion was overruled by the court; and the case dismissed on the motion of defendants. To both of these proceedings the plaintiffs excepted.

*G. H. Williams,* for plaintiffs in error.

*W. W. Page,* for defendants in error.

BOISE, J. The errors assigned in this case are—*First.* That the court erred in overruling the motion of plaintiffs to amend the verification to the original complaint. *Second.* That the court erred in dismissing the appeal.

As to the first ground of error alleged, we think the matter of allowing amendments to a verification, either in form or substance, rests in the sound discretion of the Circuit Court, and is not subject to the revision of this court.

As to the second ground of error: It is insisted by the plaintiffs, that the verification is sufficient without amendment, and that plaintiffs had a perfect case, which the court was bound to entertain.

In considering the matter, as to whether the court below ought to have entertained jurisdiction of the case, two questions present themselves. *First.* Does an appeal lie from a judgment of dismissal, and for costs in the County Court? *Second.* Was there a sufficient verification to the original complaint? The first question depends on the construction of the various statutes on the subject of appeal. Section 11 of the act organizing the County Court, and defining its jurisdiction, *provides,* that " An appeal shall lie from such County Court in all cases to the Circuit Court." This provision is very comprehensive, and, unless limited by some other statute, would seem clearly to indicate that every decision or judgment of the County Court can be taken to the Circuit Court by appeal. It is said, however, that by the 23d section of the act organizing the County Court, the proceedings of the County Courts are made to conform to the practice in courts of justices of the

peace; and that by consequence, a writ of *certiorari* could have been sued out in this case, and that such was the only proper remedy. This conclusion does not, however, necessarily follow; a *certiorari* may have been a proper remedy, and so may have been an appeal. The statute regulating appeals from justices of the peace allows appeals in all cases, and is as comprehensive as the statutes above quoted. (*See Statutes of Oregon*, 1854, *page* 295, *sec.* 185.) I therefore conclude, that appeals lie in all cases from the final decisions of justices of the peace, and the remedy by *certiorari* is concurrent. The other question presented is as to the sufficiency of the verification. I think the form of the verification sufficient, under the 33d section of the act, regulating pleadings in courts of justices of the peace. *See Oregon Statutes*, 1854, *page* 271, which I think applicable to proceedings in the County Court. But I think this verification defective in this: that it does not appear, in the certificate of the officer who administered the oath, that he had any authority. This question has been decided by this court in the case of *Dennison* v. *Story*, where it was held, that the authority and jurisdiction of the person administering the oath, must affirmatively appear in his certificate.

Judgment affirmed.