Argued June 29, reversed and suit dismissed July 17, 1917.

## KELLEY *v.* ANDERSON.

(166 Pac. 555.)

**Mechanics' Liens—Foreclosure—Recording of Notice.**

1. Where copies of recorded lien notice claim attached to complaint
in mechanic's lien foreclosure were not certified or authenticated or
admitted to be true copies, they were insufficient to show recording
of the lien notice.

**Mechanics' Liens—Foreclosure—Matters to be Proved—Recording of
   Lien Notice.**

2. The lien notice, as recorded, is the foundation of plaintiff's
right to recover in a mechanic's lien foreclosure.

   [As to priority of lien as between a mortgage and a mechanic's
lien, see note in Ann. Cas. 1916B, 634.]

Department 1.   Statement by MR. JUSTICE BENSON.

Suit by James A. Kelley against Oscar Anderson
and Annette Anderson to foreclose an alleged mechanic's lien.   From a decree in favor of plaintiff, defendants appeal.   Reversed and suit dismissed.

Department 1.   Statement by MR. JUSTICE BENSON.

This is a suit for the foreclosure of a mechanic's
lien.   The substance of the complaint is that at the

special instance and request of the defendant, plaintiff furnished labor and materials of the reasonable value of $1,564.75, in the construction of a dwelling-house on a tract of land owned by defendant; that $1,350 has been paid thereon, leaving a balance of $214.75 unpaid; that the building was completed on January 14, 1915, and on February 1, 1915, plaintiff filed for record with the county clerk, a notice of his lien claim and attaches a copy of such notice to the complaint, making it a part thereof as exhibit "A"; and thereafter, upon discovering that an error had occurred in recording the notice, he filed a second notice of lien, on March 12, 1915, correcting such error, and this notice is also made a part of the complaint and attached thereto as exhibit "B." The prayer is for the foreclosure of the lien.

The answer, *inter alia,* expressly denies the filing for record of any lien notice. From a decree for plaintiff, defendant appeals.

REVERSED.   SUIT DISMISSED.

For appellants there was a brief and an oral argument by *Mr. Henry S. Westbrook.*

For respondent there was a brief with oral arguments by *Mr. Arthur Langguth* and *Mr. Henry L. Lyons.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Defendant insists that the decree of the trial court must be reversed for the reason that there is a total failure of proof upon the issue of filing for record a notice of the lien. The entire absence of evidence upon this point is conceded by plaintiff, but he relies

upon the doctrine announced in *Henkle* v. *Dillon,* 15 Or. 610, 617 (17 Pac. 148), wherein Mr. Justice STRAHAN says:

"Counsel for appellants insisted that there was no proof of the existence of the chattel mortgages in the record. He overlooks the effect of the pleading. Copies of said mortgages, certified by the clerk, *so as to make them evidence,* are attached to the answer of Staver and Walker, and have come here without objection. In addition to this, throughout the whole case, their existence is constantly assumed. Besides it does not appear that there was any objection in the court below to the copies attached to the answer, and so far as it appears, this objection is made in this court for the first time, and it could not for that reason be allowed to prevail."

2. The situation in the case at bar is very different. The copies attached to the complaint are not certified by the clerk nor authenticated in any manner whatever. They are nowhere admitted to be true copies and there is nothing in the record, aside from the allegations in the complaint, to indicate when, if at all, they were filed for record. The lien notice, as recorded, is the foundation of plaintiff's right to recover. We are unable to find in the pleadings or evidence anything inconsistent with defendant's denial and the decree must therefore be reversed and the suit dismissed. REVERSED. SUIT DISMISSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.