Argued November 29, 1921, modified March 28, rehearing denied April 25, 1922.

## CHRISTMAN v. SALWAY ET AL.

(205 Pac. 541.)

**Mechanics' Liens — Lumping Charge in Account will not Support, but "Account" Means the Account in the Claim of Lien.**

1. An account containing a lumping charge in which is mingled an item for which no lien is given will not support a mechanic's lien, but within this rule the word "account" refers to the statement of account contained in the claim of lien filed, and not to an account kept between the parties of their transactions.

**Mechanics' Lien—Not Defeated by Inclusion of Nonlienable Items if Separable from Inspection of Claim of Lien.**

2. If, in the account as stated in the notice of mechanic's lien, lienable and nonlienable items are separately stated, and the amount of lienable items can be ascertained from an inspection of the claim of lien itself, the lien will not be defeated because the account contains nonlienable items inserted in good faith.

Mechanics' Liens—Right to Lien not Lost Because Labor Performed Under Entire Contract With Contractor Including Nonlienable Material.

3. Under Section 10191, Or. L., giving a mechanic's lien for labor performed or material furnished and making any contractor the agent of the owner, for the purpose of that act, the right to a lien for labor performed is not defeated because it was performed under an entire contract to perform labor and furnish material for a lump sum, though there was no lien for the material furnished because of the failure to give notice to the owner.

Mechanics' Liens—Right Does not Arise from Contract, but from the Performance of Work or Furnishing of Material.

4. Under Section 10191, Or. L., relating to mechanics' liens, the right to the lien does not arise from the special contract under which work was done or material furnished, but from the work which was performed or the material which was furnished.

Mechanics' Liens—Amount of Lien Governed by Reasonable Value and not by Contractor's Agreement.

5. Where labor is performed or materials furnished at the instance of a contractor and not to the owner himself or his common-law agent, the amount for which a mechanic's lien may be had is the reasonable value of the labor or materials, and not the price which contractor agreed to pay.

Pleading—Improper Joinder in Claim of Lien Waived by Failure to Demur When Defect Apparent on Face of Complaint.

6. If a claim of mechanic's lien was defective in that it joined an item arising on a contract with the owner with items arising under a contract with a subcontractor, the defect was waived by failing to demur when apparent on the face of the complaint.

Mechanics' Liens—Claim of Lien Need not Show Filing Within Time Required by Statute.

7. Though Section 10195, Or. L., requires an original contractor to file his claim of mechanic's lien within 60 days after he completes the contract, and other persons within 30 days after completion of the building, the claimant is not required to state in his claim of lien that it is filed within such time.

Mechanics' Liens—Filing of Claim Within Time Required by Statute must be Alleged and Proved.

8. In proceedings to foreclose a mechanics' lien, the claimant must allege and prove every fact essential to the existence of a valid lien, and, where he neither alleged nor proved that the claim was filed within the time required by Section 10195, Or. L., the lien must be denied.

Mechanics' Liens — Separate Contracts cannot be Tacked for Purposes of Extending Time for Filing.

9. Under Section 10195, Or. L., relative to the time for filing a claim of mechanic's lien, separate contracts with the owner and a subcontractor cannot be tacked together for the purpose of extending the lien.

**Mechanics' Liens—Claims Showing Separately Amounts for Labor and Materials not Insufficient Because not Showing That Contract Entire.**

10.   Where claim of mechanics' liens contained a true statement of the amount demanded for labor and the amount demanded for material stated separately, and the amount claimed for the lienable items could be readily ascertained therefrom without the aid of extrinsic evidence they were sufficient under Section 10195, Or. L., though they did not disclose that the labor was performed and the materials furnished under an entire contract.

**Mechanics' Liens—Contractor Furnishing Labor of Others Entitled to Lien.**

11.   Under Section 10191, Or. L., giving a mechanic's lien for labor performed on a building, etc., a contractor or subcontractor employing the labor of others in the erection of a building is entitled to a lien for such labor.

**Mechanics' Liens—Variance Between Claim and Proof as to Character of Materials Immaterial—Claim Need not State Character of Materials.**

12.   A mechanic's lien claim need not state the kind or character of materials for which a lien is claimed, and it is therefore immaterial that there is a variance between the description in the lien and the proof.

**Mechanics' Liens—Failure to Furnish Itemized Statement Within Five Days Did not Prevent Proof When Subsequently Furnished and No Injury Caused.**

13.   Assuming that written demands for itemized statements of the accounts of mechanic's lien claimants were within Section 84, Or. L., the failure to furnish such statements within five days did not preclude evidence of the accounts, where the information called for was furnished before the trial and the owner was not injured by the delay.

**Mechanics' Liens—Payment Properly Applied on Nonlienable Item in Absence of Directions to Contrary.**

14.   In the absence of directions to the contrary, a mechanic's lien claimant had a right to apply a payment on his nonlienable demand for material and was not thereby deprived of his right to a lien for labor.

**Mechanics' Liens—Claims Signed by Party and Verified by His Oath Sufficiently Verified.**

15.   Under Section 10195, Or. L., requiring a mechanic's lien claim to be verified but not prescribing any particular form of verification, a claim signed by the party and verified by his oath is sufficient.

**Evidence—Court Takes Judicial Notice of Accession, Seal and Continuance in Office of Notary Public and may Refer to Official Records.**

16.   A notary public is a state officer, and the court will take judicial notice of his accession, his official seal, and his continu-

ance in office, and for the purpose of informing itself in relation to such facts will refer to the official records of the State Department.

**Oath—Authority of Notary must be Exercised in Conformity With Statute.**

17. The authority conferred upon a notary to administer an oath is a statutory power and must be exercised in conformity with the directions of the statute.

**Mechanics' Liens — Not Sufficiently Verified When Jurat not Signed by Notary Public—"Signature."**

18. Under Section 10195, Or. L., requiring mechanic's lien claims to be verified, and Sections 3176, 3182–3184, relative to the administration of oaths by notaries public, and requiring the notary's official signature, a mechanic's lien is not sufficiently verified by affidavit before a notary public unless the jurat is signed by him and the genuineness of his signature is attested by his official seal, and the seal, though containing his name, cannot be treated as a "signature," which refers to his official signature and means his name as written by himself.

**Mechanics' Liens—When Notary Did not Sign Jurat Defect Could not be Supplied by Proof Aliunde.**

19. Where the affidavit to a mechanic's lien claim was incomplete in that the jurat was not signed by the notary public, the defect could not be supplied by proof *aliunde*.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

This suit involves the foreclosure of seven mechanics' liens. Four of the claimants, namely, Christman, Portland Hardwood Floor Co., W. L. Stevens, and F. R. Sanders, were subcontractors and performed labor and furnished material, and have completely performed their subcontracts. Each of them failed to give notice to the owner, as required by the statute, that material was being furnished to the contractor, and that a lien might be claimed for such material. O. A. Phillips and C. E. Winston jointly claimed a lien for work and labor only. J. A. C. Tait & Co. and Inman Poulsen Lumber Co. each claimed a lien for material, and each gave notice to the owner as required by the statute. F. R. Salway is the owner of Lot 6, Block 4, Evanston, an addition within the cor-

porate limits of the City of Portland. T. C. Niner was the original contractor and contracted with each of the claimants for the labor and material for which the liens are claimed. He had contracted with the owner to furnish the material and labor, and to construct a dwelling-house and garage upon said lot. He has been paid in full, and has since been adjudicated a bankrupt and discharged from his liabilities.

Christman commenced this suit to foreclose his lien, naming as defendants the owner, the contractor, and the other of said lien claimants, who each filed answers setting up their respective liens, and prayed for the foreclosure thereof. After a trial, a decree was entered, foreclosing each of said liens. The first four mentioned were decreed to have a lien for labor only; the remaining claimants were decreed a lien for the full amount claimed. Christman, in addition to his labor, was allowed an item of $20, charged for the construction of a sump-trap installed at the instance of the owner himself. From this decree the owner has appealed.          MODIFIED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. O. A. Neal.*

For respondents R. Christman, J. A. C. Tait & Co., Portland Hardwood Floor Co., W. L. Stevens, and F. R. Sanders, there was a brief over the name of *Messrs. Lewis, Lewis & Finnegan,* with an oral argument by *Mr. Arthur H. Lewis.*

For respondent Inman Poulsen Lumber Co. there was a brief over the name of *Messrs. Cake & Cake,* with an oral argument by *Mr. Wm. Cake.*

. For other defendants and respondents there was a brief over the names of *Mr. Leroy Lomax* and *Mr. Frederick H. Drake.*

RAND, J.—Section 10191, Or. L., in effect provides that every person performing labor upon, or furnishing material of any kind, to be used in the construction, alteration, or repair, of any building, shall have a lien upon the same for the work or labor done, or material furnished, at the instance of the owner of the building, or his agent; it also in effect provides that every contractor or other person having charge of the construction in whole or in part, of any building, shall be held to be the agent of the owner for the purposes of the act; it requires every person furnishing material to any person other than the owner, for which a lien may be claimed, to deliver or mail to the owner of the property on, upon, or about which the material is to be used, not later than five days after the date of the first delivery, a notice in writing, stating that he has commenced to deliver material for use thereon, with the name of the contractor or other person ordering the same, and that a lien may be claimed for the material furnished; it also provides that unless this written notice is given, a lien cannot be enforced for such material. It contains no provision requiring notice to the owner of work being done on the building.

It appears from the testimony that the contracts under which Christman, Portland Hardwood Floor Co., Stevens, and Sanders performed labor and furnished material, were entire contracts, entered into by the claimants with the contractor to furnish both labor and material, for which they were each to be paid a specific sum, and that no separate price was

stipulated for either labor or material. It also appears that no notice was given to the owner, and that each of these claimants has lost his right to a lien for the material furnished for want of such notice.

1, 2. The owner contends that the account stated in the claim of liens of each of the four last-mentioned claimants contains a lumping charge in which are mingled lienable and nonlienable items, not separately stated, and that it is impossible to ascertain or state from the account what amount is chargeable for the lienable items, and that each of said liens is therefore void.

It has often been held in this state that:

"An account containing a lumping charge, in which is mingled an item for which no lien is given, will not support a lien; and the defect cannot be cured by oral evidence, by means of which the items for which a lien is given may be separated from those for which a lien is not given." *Williams* v. *Toledo Coal Co.*, 25 Or. 426 (36 Pac. 159, 42 Am. St. Rep. 799); *Dalles Lumber Co.* v. *Wasco Woolen Mfg. Co.*, 3 Or. 527; *Kezartee* v. *Marks*, 15 Or. 529 (16 Pac. 407); *Harrisburg Lumber Co.* v. *Washburn*, 29 Or. 150 (44 Pac. 390); *Hughes* v. *Lansing*, 34 Or. 118 (55 Pac. 95, 75 Am. St. Rep. 574); *Portland Floor Co.* v. *Spaulding Logging Co.*, 64 Or. 316 (130 Pac. 52); *Stewart* v. *Spaulding*, 71 Or. 310 (141 Pac. 1127); *Barr* v. *World Keepfresh Co.*, 77 Or. 95 (150 Pac. 747).

The word "account," as used in the rule above quoted, refers to the statement of account contained in the claim of lien filed, and not to an account kept between the parties of their transactions. If, in the account stated in the notice of lien, lienable and nonlienable items are separately stated, and the amount of the lienable items can be ascertained from an inspection of the claim of lien itself, and no other rea-

son to vitiate the claim exists, except the fact that the account contains items which, by law, are not lienable, but which were inserted therein in good faith, the lien will be upheld: *Harrisburg Lumber Co. v. Washburn, supra; Hughes v. Lansing, supra; Title Guarantee Co. v. Wrenn,* 35 Or. 62 (56 Pac. 271, 76 Am. St. Rep. 454); *Portland Floor Co. v. Spaulding Logging Co., supra; Stewart v. Spaulding, supra; Barr v. World Keepfresh Co., supra; Columbia River Door Co. v. Todd,* 90 Or. 147 (175 Pac. 443, 860).

An inspection of each of these claims discloses that there is no lumping charge contained in the statement of account, and that the charges for labor and for material are separately stated therein. The amount charged for labor can be readily ascertained from the accounts themselves, and therefore the liens are not subject to the objection that they contain a lumping charge in which are mingled items for which no lien is given, with items for which a lien is given.

3. The appellant next contends that because the subcontracts which the f    claimants entered into with the contractors were entire, and included both labor and material, for which claimants were to be paid one round sum, with no stipulated price agreed to be paid for either labor or material, that having lost their right to a lien for the material, and it being impossible to ascertain from the contracts themselves what proportion of the contract price was agreed to be paid for the labor, the liens cannot be enforced for the labor alone or for any amount.

"Where lienable and nonlienable items are included in one contract for a specific sum, or are made the basis of a lumping charge, so that it cannot be perceived from the contract or account what proportion is chargeable to each, the benefit of the mechanic's lien law is lost. In such cases the court cannot, by extrin-

sic evidence, apportion the amount of the entire charge
or contract price between the lienable and nonlien-
able items. But where the claimant's demand, made
in good faith, consists of several different items,
separately charged, some of which are by law a lien
upon the property, and others do not come within the
scope of the statute, he may enforce his lien so far as
given by law, and it is not vitiated because he has
included therein nonlienable items." *Allen* v. *Elwert,*
29 Or. 444 (44 Pac. 826).

This rule was restated in *Getty* v. *Ames,* 30 Or. 573
(48 Pac. 355, 60 Am. St. Rep. 835), and *Title Guar-
antee Co.* v. *Wrenn,* 35 Or. 62 (56 Pac. 271, 76 Am. St.
Rep. 454). In the former case the claimant had con-
tracted with the owners of the property against which
the liens were sought to be enforced, to furnish a
carriage and team, and to work for the term of one
year at a monthly salary of $125, and to perform such
services as from time to time might be directed. At
irregular intervals, when not otherwise employed, he
had done some work on a building and fence, but
kept no separate account of the time he worked on
either, and had made no separate charge therefor.
He filed two liens, one on the fence and one on the
building. After stating the rule above quoted, the
court said:

"He was employed by the month to render such
services as his employers might require or demand,
which it now seems included lienable and nonlienable
work indiscriminately. This, however, does not en-
title him to a lien for such labor or services as might
otherwise come within the provisions of the lien law,
for the court cannot undertake from extrinsic evidence
to apportion the amount of his monthly salary
between the lienable and nonlienable work performed
by him."

This is the only Oregon case we can find where the
question of the enforcement of a mechanic's lien

arising from the performance of an entire contract between the owner and the claimant was involved. In *Allen* v. *Elwert, supra,* and *Title Guarantee Co.* v. *Wrenn, supra,* liens were claimed for the reasonable value of materials which were ordered by, and furnished to the owner of the property sought to be charged.

Building contracts, as a general rule, are entire. A contractor or other person having charge of the construction of a building for the owner is, by force of the statute, and by virtue of his contract with the owner, the agent of the owner for the purposes of the statute. One of these purposes is to authorize him to employ labor and to purchase material for use upon the property of the owner, and when he does so, the law imposes a lien against the property for the reasonable value thereof: *Quackenbush* v. *Artesian Land Co.,* 47 Or. 303, 306 (83 Pac. 787); *Osburn* v. *Logus,* 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997); *Smith* v. *Wilcox,* 44 Or. 323, 327 (74 Pac. 708, 75 Pac. 710). In the employment of labor and purchase of material, the owner has impliedly contracted through the agency of the contractor: *Smith* v. *Wilcox, supra.*

4. The statute expressly confers the right to a lien for labor performed or material furnished for use in the construction of a building. The right to a lien does not arise from the special contract under which the work was done, or the material furnished. It arises from the work which was performed upon the property, or the material furnished for use thereon: *Davis* v. *Alvord,* 94 U. S. 545, 548 (24 L. Ed. 283, see, also, Rose's U. S. Notes).

The statute does not, in terms or by implication, deny the right to a lien to one who performs labor

upon a building under an entire contract. The right to a lien exists whether the contract be express or implied, entire or divisible. If both labor and material are furnished, the right to a lien for the labor is preserved, whether the right to a lien for the material is lost or not, so far as anything said in the statute is concerned, as claimants' rights are dependent only upon employment and performance of work. Their right to a lien for labor or material, or for both, was a special privilege: *Brown* v. *Harper,* 4 Or. 89; either one or both of which they could waive or not as they pleased: *Hughes* v. *Lansing,* 34 Or. 118, 121 (55 Pac. 95, 75 Am. St. Rep. 574).

5. It is utterly impossible to ascertain or state from the contracts themselves what proportion of the contract price was agreed to be paid for either labor or material, as the contracts themselves provide no way in which that fact can be ascertained or determined. But we think this fact is wholly unimportant because the owner whose property is sought to be charged with the lien was not a party to these contracts, nor personally obligated to pay the contract price, or any proportionate part thereof; nor is his property chargeable with a lien for the entire, or any proportional part of the price which the contractor agreed to pay for the labor and material.

No rule is more firmly established in this state than, that where labor is performed or materials furnished at the instance of the contractor of the owner, and not to the owner himself, or to a common-law agent of the owner, the law fixes the amount for which a lien may be had, as the reasonable value of the labor or materials, and not the price which the contractor agreed to pay therefor: *Fitch* v. *Howitt,* 32 Or. 396 (52 Pac. 192); *Beach* v. *Stamper,* 44 Or. 4 (74 Pac.

208, 102 Am. St. Rep. 597); *Quackenbush* v. *Artesian Land Co.,* 47 Or. 303, 306 (83 Pac. 787). In the case last cited, this court, speaking through Mr. Justice R. S. BEAN, said:

"The statute makes every contractor and subcontractor having charge of the construction of any building, wharf, bridge, ditch, etc., the agent of the owner for the purpose of binding the property with a lien for the reasonable value of materials furnished to be used in or labor performed upon such improvement at the request of the former: B. & C. Comp., § 5640: *Fitch* v. *Howitt,* 32 Or. 396 (52 Pac. 192); *Cooper Mfg. Co.* v. *Delahunt,* 36 Or. 402 (51 Pac. 649, 60 Pac. 1); but it does not make him an agent of the owner with power to determine the value of the materials furnished or labor performed. Upon this question the owner is entitled to be heard when it is sought to enforce a lien against his property."

If the contracts had been made with the owner, or with some common-law agent of the owner, the amount for which liens would be given would be determined by the contract price. In such cases, if the right to a lien for a part of that which was to be furnished for an entire consideration failed, and there was no way to determine from the contracts themselves what proportion of the contract price was to be paid for the remainder, there could be no lien for the whole, or for any part. But as these contracts were not made with the owner, nor with any person who had authority to bind him to pay the contract price, and as his property is not chargeable for the contract price or for any proportional part thereof, but only for the reasonable value of the labor performed, there can be no necessity to apportion the contract price between labor and material, nor do we see any reason why the contract price should be considered at all in determining the amount

for which the claimants should have a lien. Here all that the claimants are seeking is the reasonable value of the labor performed. This is easily susceptible to proof. It is only necessary for the court to inquire and ascertain what is a fair compensation for the work done, according to the usual method of determining the question of a *quantum meruit* in judicial proceedings.

In the case of *Heim* v. *Elliott,* 66 Wash. 361 (119 Pac. 826), labor and material had both been furnished under an entire contract for an agreed sum to be paid for both. The right to a lien for the material was lost for want of notice to the owner. The statute of that state is nearly identical with ours. The question presented was the same as that presented here. In passing upon this question the court said:

"The respondents contend that these items are lienable. The appellants assert that they are not lienable, because the contract of each of the respondents with the general contractor was entire. They had no contract with the appellants. Hence there was no privity of contract between them. *Hunnicutt & B. Co.* v. *Van Hoose,* 111 Ga. 518 (36 S. E. 669). Rem. & Bal. Code, § 1129, entitles these respondents to a lien for their labor, and we do not think that this right is defeated because the contract with the general contractor was indivisible."

Our attention is directed to *Morrison* v. *Minot,* 5 Allen (Mass.), 403; *Graves* v. *Bemis,* 8 Allen (Mass.), 573; *Mulrey* v. *Barrow,* 11 Allen (Mass.), 152; *Evans Marble Co.* v. *International Trust Co.,* 101 Md. 218 (60 Atl. 667, 109 Am. St. Rep. 568, 4 Ann. Cas. 831); *Adler* v. *World Pastime Exposition Co.,* 126 Ill. 373 (18 N. E. 809); Phillips on Mech. Liens (3 ed.), 296.

In the Massachusetts cases cited, it was in effect held that under entire contracts where both labor and

material were to be furnished for an entire consideration, and no stipulated price was to be paid for either labor or material, and the contract had been completely performed on the one hand, and nothing remained to be done under the contract except the payment of the contract price, and the right to a lien for the material had been lost for want of notice to the owner, the right to a lien for the labor was also lost, because the party performing could not recover on *quantum meruit,* nor on the contract for any amount less than the entire contract price.

By the application of this rule it was held that as there could be no recovery for the labor alone, there could be no debt due for the labor alone. The statute of Massachusetts, 1860, Chapter 150, under which these decisions were rendered, expressly makes the existence of a debt due a condition precedent to the right to a lien.

In the Maryland case cited, the question involved was upon an entire contract for labor and material furnished to a building in the City of Baltimore, for an entire consideration, with no stipulated price agreed to be paid for either, and the statute of that state expressly provided that no lien could be had for material furnished for use in the construction of a building in the City of Baltimore. It also contained a somewhat similar provision to that contained in the Massachusetts statute, requiring a debt to be due for labor before a lien could be had. That decision cited and applied the doctrine announced in the Massachusetts cases above cited, although in that case the claimants had not lost their right to liens for want of notice to the owner as in the Massachusetts cases.

In the Illinois case, the lien was denied because the contract between the owner and the claimant was an entire contract for an entire consideration to be paid for the performance of certain services for which, under the statute, no lien was given, and for other services for which a lien was given.

While these decisions support the contention of the appellant, we do not consider the rules there applied are applicable to a case arising under our statute, where the contract was not made with the owner, nor with a person having authority to bind the owner upon the contract.

Under our statute, to create the right to a lien, there must be a contract for the doing of that for which the statute gives the lien. But the contract need not be made with the owner or a common-law agent of the owner, but may be made by a person whom the statute makes the agent of the owner for the purposes of the statute, and when made with the statutory agent, the claimant has the requisite authority to do the thing for which the statute gives a right to the lien. In other words, there must be an employment of the labor, or a purchase of the material by someone authorized to do so, before the right to a lien for labor performed or material purchased can arise, but when the work is done, or the materials are furnished under the authority of a statutory agent, the property of the owner then becomes subject to a lien, not for the amount which the statutory agent agreed to pay, but for the reasonable value of the work or material. Upon complete performance of an entire contract made by the claimant with the contractor, the contractor is bound to pay the entire contract price, but the owner is not, and therefore, so far as the owner's rights are concerned, the question of

whether the claimant could recover from the contractor in a separate action for a part of his performance of an entire contract, is of no importance here, because the claimant is not asserting as against the owner's property a lien for the amount of the contract price, or for any proportional part thereof. We are not holding that the claimant can enforce a lien against the owner's property upon a contract with a contractor for an amount greater than his contract price, but what we do decide is that the owner, not being bound to pay the contract price or any proportional part of it, nor being subject to have his property charged with a lien for the contract price, or any proportional part of it, it is of no importance, so far as his rights under our statute are concerned, whether the contract between the claimant and the contractor was express or implied, entire or divisible, separable, or apportionable.

Although claimants, in determining the amount for which they should assert a lien for their labor, had the right to disregard the amount for which they had agreed to furnish both labor and material, they did not do so. In their statement of account they set out as a separate charge the amount they had actually paid out to their employees, for the labor actually performed upon the building, and then they set out separately as a charge for material, the difference between the total contract price and the charge separately stated for labor. To this extent they did attempt to apportion the contract price between labor and material. Upon the trial, they abandoned all claim for material and claimed only for the labor performed. As they were not compelled to make the apportionment, and as the amount for which the liens are enforced by the decree appealed from is the rea-

sonable value only of the labor performed, we think the liens for the reasonable value of the labor should be enforced. The statute gives the claimants the right to assert a lien for the labor performed upon the building, and the labor having been performed upon the building at the instance of appellant's statutory agent, to hold that the claimants should not be permitted to enforce their liens for the reasonable value of the labor performed, merely because they, for want of notice to the owner, lost their right to a lien for material, would result in an unwarranted abridgment of the statute and defeat the very purpose for which the statute was enacted. There is nothing in the statute to indicate a legislative intent to deprive claimants, who have both performed labor and furnished material for a building at the instance of a contractor, of their right to assert a lien for the labor performed upon a building, for no other reason than that they have lost their right to a lien for the material furnished for want of notice to the owner. On the contrary, the language of the statute confers the right to a lien for labor performed, regardless of whether materials are furnished or not, and whether, where materials are furnished, the right to a lien for the material is or is not lost for want of notice to the owner.

6. Christman not only furnished and installed the plumbing under his subcontract with Niner, but he installed a sump-trap under a contract with the owner. His claim of lien contains the charge of $20 for the sump-trap, in addition to his charge for labor in installing the plumbing. Because the claim contains two items of charge, one arising upon contract with the owner and the other upon contract with the subcontractor, it is urged the lien is unenforceable. No

authority is cited in support of this contention, or
reason advanced, although there is a line of authori-
ties that seem to support it: See 2 Jones on Liens,
§ 1597, and authorities there cited.  The statute gives
a lien for both the work done under subcontract and
for the work done and material furnished under his
original contract, and it is presumed that both were
furnished upon the credit of the building: *Peerless
Pacific Co.* v. *Rogers,* 81 Or. 51, 54 (158 Pac. 271);
both were performed upon the same building, and
both are chargeable against the property of the same
owner.

The same situation arose and was considered by
this court in *Bohn* v. *Wilson,* 53 Or. 490 (101 Pac.
202), in which case the court said:

"It is next claimed that two causes of suit have been
improperly united—one for materials furnished to
Lee, and the other for those furnished to Wilson.
This defect, if it is one, appears on the face of the
complaint, and was waived by failure to demur on
that ground.  Section 72, B. & C. Comp.; *Owings* v.
*Turner,* 48 Or. 462 (87 Pac. 160)."

In this case, as in that, if this was a defect, it ap-
peared on the face of the complaint, and was waived
by a failure to demur on that ground.

7. Appellant contends that, because the Christman
claim of lien filed contains a claim for labor
furnished the contractor and a claim for labor
and material furnished the owner, and shows on
its face that it was filed within 30 days after the
completion of the building, but does not show on
its face that it was filed within 60 days after the
completion of his contract with the owner, the lien is
therefore invalid.  An original contractor is required
to file his claim of lien within 60 days after he has

completed his contract; all other persons within 30 days after the completion of the building: Section 10195, Or. L.; *Coffey* v. *Smith,* 52 Or. 538 (97 Pac. 1079). A claimant is not required to state in his claim° of lien filed anything not required to be stated therein by Section 10195, Or. L., and that section does not require him to state in his claim of lien filed that it is filed within 30 days after the completion of the building, if he is not an original contractor, or that it is filed within 60 days after the completion of his contract if he is an original contractor, although he must, in each instance, file his claim within the time required by the statute, and if he fails to do so, he cannot enforce his lien.

8. In his foreclosure proceedings he must allege and prove every fact essential to the existence of a valid lien. He must therefore allege in his complaint and prove that he filed his claim within the time allowed: *Coffey* v. *Smith, supra;* and "it must affirmatively appear from the complaint that the notice filed contained all the essential provisions required by statute; that it was proper in form, verified as required and filed within the time prescribed": *Pilz* v. *Killingsworth,* 20 Or. 432, 437 (26 Pac. 305, 306). Christman neither alleged in his complaint, nor proved, that the claim of lien was filed within 60 days after the completion of his contract with the owner, and the item of $20 claimed therefor must therefore be denied: *Coffey* v. *Smith, supra.*

9. Two separate contracts cannot be tacked together for the purpose of extending the lien: 2 Jones on Liens (3 ed.), § 1432, and note.

Our statute, Section 10195, Or. L., requires every lien claimant to file:

"A claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, and also a description of the property to be charged with said lien, sufficient for identification, which claim shall be verified by the oath of himself or some other person having knowledge of the facts."

It is also contended that the claims filed do not contain true statements of claimants' demands, because the claims fail to disclose on their face that the demands arose under entire contracts. In support of these contentions, appellant cites decisions of courts rendered under statutes requiring liens to show the terms, time given and other like conditions of the contract under which the demand arose.

10. Our statute contains no such provisions, and the authorities cited are therefore not in point upon this question. The claims of lien conformed to all of the conditions required by the statute, and their validity does not depend upon compliance with conditions not to be found within the statute.

The validity of a lien in this state depends upon a substantial compliance with all of the essential requirements of the statute. The claimant is required to do all that the statute requires him to do, and having done that, if the case falls within the provisions of the statute, he is entitled to a lien. The claims in question do contain a true statement of the amount demanded for labor and of the amount demanded for material, each stated separately, and the amount claimed for the lienable items can be readily ascertained from the claims themselves without the aid of extrinsic evidence. They are, therefore, sufficient.

11. The appellant also contends that certain of the liens cannot be maintained because the labor for which the liens are claimed was performed by persons other than the lien claimants themselves. If this contention could be maintained, the purpose of the statute would be defeated in all cases where labor was furnished by an original or a subcontractor, or other person who employed the labor of others in the erection of a building. Appellant cites in support of this contention the cases of *Loud* v. *Gold Ray Realty Co.,* 72 Or. 158, 159 (142 Pac. 785); *Allerton* v. *Lee,* 52 Or. 98, 99 (96 Pac. 234); *Williams* v. *Toledo Coal Co.,* 25 Or. 432 (36 Pac. 159, 42 Am. St. Rep. 799); *The Victorian Number Two,* 26 Or. 197 (41 Pac. 1103, 46 Am. St. Rep. 616). None of these cases support this contention. The first two cases cited announce the rule that if·a person has the right to perfect a mechanic's lien, and assign his debt or claim to another before the claim of lien is filed, his assignee takes title to the debt only, and has no right to perfect the lien; but if the lien has been perfected by filing, then the assignee takes both the debt and the security of the lien. None of these cases hold that a contractor, subcontractor or person furnishing the labor of others in the construction of a building cannot claim and enforce a lien for labor employed by him and used in the construction of such building.

"The contractor is entitled to his lien, not only for his own labor, but for the labor of those under him, and even though his workmen have taken out liens the effect is only to diminish the contractor's lien *pro tanto."* 27 Cyc., p. 84.

The converse of the rule contended for was applied and followed in *Bar* v. *World Keepfresh Co.,* 77 Or. 95, 100 (150 Pac. 747).

12. The owner objects to the claim of J. A. C. Tait & Co. because the material furnished is described in the claim of lien filed as consisting of cement and gravel, while it was established by the evidence that the material consisted of cement, sand and gravel. In support of this contention he cites *East Side Mill Co.* v. *Wilcox,* 69 Or. 266 (138 Pac. 843). The rule announced in that case was not followed in the later case of *St. Johns Lumber Co.* v. *Pritz,* 75 Or. 286 (146 Pac. 483). In the latter case the court held that a claim of lien which contained no description of the kind or character of materials furnished was sufficient and based its decision upon the fact that although the weight of authority in other states supported the rule announced in *East Side Mill Co.* v. *Wilcox, supra,* yet as all of the earlier decisions of this court had announced a contrary rule to that of *East Side Mill Co.* v. *Wilcox, supra,* and these decisions had become a rule of property in this state which had been followed and relied upon by the profession generally, for many years, the rule announced in the earlier cases ought not to overthrown. By this last decision, the rule is now settled in this state that it is not necessary to recite in the claim either the kind or character of materials for which a lien is claimed. In this connection the owner contends that the variance between the description of material in said claim of lien of J. A. C. Tait & Co. and in the proof is fatal to the lien. As it is unnecessary to state in the claim of lien the kind or character of materials, and as the owner could not have been prejudiced by the error in the description and the claim of lien correctly stated the amount of the demand, the objection is without merit. "When the amount demanded is correctly stated in the claim of lien, the items thereof become

superfluous, and an error or omission therein ought not to vitiate the lien'': *Chamberlain* v. *Hibbard,* 26 Or. 428, 432 (38 Pac. 437).

13. It appears that written demands for verified, itemized statements of their accounts were served upon all of the claimants, and that none of the statements demanded were furnished within five days after demand. It is contended that on account of claimants' failure to furnish the statements within five days after demand, as required by Section 84, Or. L., they were thereby precluded from giving evidence of their accounts. It is very doubtful if that section applies to a demand for the statements so demanded, because the demand covered matters not within the contemplation of that section. As an illustration, one of the things so demanded was for the names of the different persons who performed work for the claimants upon the building, the hours they worked, and other matters not necessarily a part of the account; but regardless of whether the statute covers demands for information of that nature, the information was all furnished before the trial, and the owner was not injured by the delay. The trial court properly allowed the claimants to prove their accounts.

''So far as the time is limited within which a verified copy of the account must be delivered, the statute is only directory.'' *Raski* v. *Wise,* 56 Or. 72 (107 Pac. 984), and authorities cited.

''The rule is well settled that the trial court may, in its discretion, relieve a party from default in failing to furnish a bill of items when it satisfactorily appears that good and sufficient reason exists for such failure at the time and one is furnished.'' *Raven* v. *Hurd,* 20 Or. 229, 234 (25 Pac. 635); *Raski* v. *Wise, supra.*

14. Appellant objects to the enforcement of the lien of F. R. Sanders, covering his charges for the sum of $45 for labor performed upon the building, for the reason that he has been paid on account the sum of $80, which he credited upon his charge for material amounting to that sum, and contends that it is impossible to determine how much remains due for the labor or material. This contention is based upon the assumption that the statement of account contained in his claim of lien shows a lumping charge for both labor and material, the latter being a nonlienable item for want of notice to the owner. It appears upon the face of the lien that Sanders' charge for labor was $45, and his charge for material was $80, and the amount of charge for each can be readily ascertained by an inspection of the claim itself, without the aid of oral evidence. In the absence of directions to the contrary, Sanders had the right to apply this payment upon his demand for material.

"When a debtor owes a creditor more than one obligation he may, at or before making a payment, direct upon which debt the credit should be applied, but, if he give no instruction in respect to the matter, the creditor may apply the payment on account of any demand he may have against him." *Meier & Frank Co.* v. *Mitlehner*, 75 Or. 331, 340 (146 Pac. 796). See, also, *Gile Grocery Co.* v. *Lachmund*, 75 Or. 122, 125 (146 Pac. 519); *Trullinger* v. *Kofoed*, 7 Or. 228, 230 (23 Am. Rep. 708); *Montour* v. *Grand Lodge*, 38 Or. 47, 61 (62 Pac. 524); *Anderson* v. *Griffith*, 51 Or. 116, 120 (93 Pac. 934).

The application by Sanders of the $80 paid to him upon his claim for materials furnished does not deprive him of the right to assert a lien for the labor performed. We have held that if no payment had been made to him at all, he could assert his lien for

103 Or.—44

the labor, and that being so, the payment of his charges for material could not take away or affect his right to enforce his lien for labor.

This disposes of all the questions of merit to which our attention has been directed, except the objection urged by appellant against the claim of Inman Poulsen Lumber Co. The principal objection against this claim, and the only one necessary to be considered, is that the claim is not verified as required by law.

15. The language of the statute is: "The claim shall be verified by the oath of the claimant or of some other person having knowledge of the facts": Or. L., § 10195. The statute does not prescribe any particular form in which the verification of a mechanics' lien shall be made. A claim signed by the party and verified by his oath is sufficient: *Kezartee* v. *Marks,* 15 Or. 529, 538 (16 Pac. 407); *Ainslee* v. *Kohn,* 16 Or. 363, 373 (19 Pac. 97). The original claim of lien as filed and recorded was offered as an exhibit, and is before us for inspection. This shows that an attempt was made to verify the claim by affidavit; that the affidavit was signed by G. W. Thatcher, an officer of claimant; that a notary public's seal was affixed and the impression of the seal so attached shows the name of the notary, and also the words, "Notary Public, State of Oregon," which plainly appear. By inadvertence the notary public failed to sign his name to the jurat. In that condition the claim was filed and recorded. It is established by the testimony of the affiant Thatcher and by that of the notary public, and it is uncontradicted, that the affiant was duly sworn at the time he signed the affidavit.

16. The question is whether the absence of the official signature is fatal to the validity of the lien. A motion was made at the trial for leave to amend

the lien by directing the notary to sign the jurat at that time.  No ruling seems to have been made thereon.  In this state "a notary public is a state officer, and this court will take judicial notice of his accession, his official seal, and his continuance in office, and, for the purpose of informing itself in relation to such facts, will refer to the official records of the State Department": *Butts* v. *Purdy,* 63 Or. 150, 165 (125 Pac. 313, 127 Pac. 25); and cases there cited.  The official records of the state department show that the person whose name appears upon the impression made by affixing the seal to the affidavit was at the time a notary public, and authorized to administer oaths, and that the seal so affixed is his official seal.

"Notaries public shall have full power and authority * * to administer oaths in all cases where oaths are required by law to be made."  Section 3183, Or. L.  "Every notary public, before he enters upon the duties of his office, shall provide an official seal, and deposit an impression of the same * * in the office of the secretary of state."  Section 3182, Or. L. "Every notary public shall, on all instruments executed by and before him in his official capacity, write or stamp after his signature the date of expiration of his commission."  Section 3176, Or. L.  "Full faith and credit shall be given to all the protestations, attestations and other instruments of publication of all notaries public, now in office or hereafter to be appointed under the provisions of this chapter." Section 3184, Or. L.

17. The authority conferred upon a notary to administer an oath is a statutory power, and must be exercised in conformity with the directions of the statute.  Where the statute expressly requires the officer to sign his name as an attestation of the administering of an oath, the direction is mandatory: *Lindsay* v. *Huth,* 74 Mich. 712 (42 N. W. 358).

18. The word ''signature'' as used in the statute refers to the official signature of the notary public and means the notary's name as written by himself. It is suggested that the act of the officer in stamping his seal on the instrument should be treated as his signature because it contained his name, but to this we do not assent. His official seal, whether it contains his name or not, is not his signature any more than his signature is his seal. They are two separate and distinct things. The statute requires that a claim of lien when filed and recorded shall be verified and there can be no verification of a mechanics' lien by affidavit when made before a notary public, unless the jurat is signed by such officer, and the genuineness of his signature is attested by his official seal. The reason is that the claim when filed and recorded must show that it is verified and the evidence of its verification must appear upon the instrument and be recorded with it. The principle decisive of this question is stated in *Elliott* v. *Peirsol,* 1 Pet. 328 (7 L. Ed. 164), as follows:

''What the law requires to be done and appear of record, can only be done and made to appear by the record itself, or an exemplification of the record. It is perfectly immaterial whether there be an acknowledgment or privy examination in fact, or not, if there be no record made of the privy examination; for, by the express provisions of the law, it is not the fact of the privy examination merely, but the recording of the fact, which makes the deed effectual to pass the estate of a *feme covert.*''

Applying this principle to the question presented here, it is wholly immaterial whether the oath was administered or not, unless the claim of lien itself when recorded shows that an oath was administered; for it is necessary under the express provisions of our

statute that the claim of lien, when filed and recorded, shall show that the oath was administered, or else the lien is ineffectual.  Unless the claim itself, as filed, shows that fact, then it is immaterial whether in fact the oath was administered or not.

The question involved in *Elliott* v. *Peirsol, supra,* was involved in *Harty* v. *Ladd,* 3 Or. 353, where a certificate of acknowledgment of a deed by a married woman failed to recite that she was examined separately and apart from her husband, as required by the statute then in force.  It was held that parol evidence was not admissible to show that she was in fact so examined.

In the early cases of *Blanchard* v. *Bennett,* 1 Or. 328, and *Dennison* v. *Story,* 1 Or. 272, it was held that "the jurisdiction and authority of a person administering an oath must appear in his certificate." While *Blanchard* v. *Bennett* was overruled upon another point in *Ramsey* v. *Pettingill,* 14 Or. 207 (12 Pac. 439), its ruling upon the question as to what must appear in the certificate of an officer administering an oath is still an authority.

That this must be the rule follows from the fact that "A lien notice is incapable of amendment, and cannot be made good by averment.  It must stand or fall by reference to its own terms": *East Side Mill Co.* v. *Wilcox,* 69 Or. 266, 269 (138 Pac. 843).  "The lien notice, as recorded, is the foundation of plaintiff's right to recover": *Kelley* v. *Anderson,* 85 Or. 138, 140 (166 Pac. 555).  "It should be borne in mind," says the court, "that a mechanics' lien is purely a creature of the statute, and that it can be obtained only by a substantial compliance therewith. It is a remedy given by law which secures the preference provided for, but which does not exist, however

equitable the claim may be, unless the party brings himself within the provisions of the statute": *Gordon v. Deal,* 23 Or. 153, 155 (31 Pac. 287). "It must affirmatively appear from the complaint that the notice filed contained all the essential provisions required by statute; that it was proper in form, verified as required, and filed within the time prescribed": *Pilz* v. *Killingsworth,* 20 Or. 432, 437 (26 Pac. 305, 306). To the same effect see *Kezartee* v. *Marks,* 15 Or. 529 (16 Pac. 407); *Nicolai* v. *Van Fridagh,* 23 Or. 149 (31 Pac. 288); *Gordon* v. *Deal, supra; Drake* v. *Green,* 48 Kan. 534 (29 Pac. 584). "In the absence of statutory authority, it is generally held that a mechanic's lien claim required to be made and filed cannot be materially amended or reformed, nor can it be reformed in equity. Nor can essential averments omitted from the notice be supplied by averments in the complaint or by extrinsic evidence in an action to foreclose the lien": 18 R. C. L. 943. "The want of verification or of a sufficient verification is a defect which goes to the whole claim and cannot be amended": Phillips on Mech. Liens (2 ed.), 366. "The notice of lien which is filed for record must be a complete notice at that time in order to authorize its enforcement and is not capable of being amended or reformed": *Goss* v. *Strelitz,* 54 Cal. 640. See also: *Morrison Morrell & Co.* v. *Clayton,* 17 Utah, 306 (53 Pac. 832, 70 Am. St. Rep. 784); *Berthelot* v. *Parker,* 43 Wis. 551; *Malter* v. *Falcon Mining Co.,* 18 Nev. 209 (2 Pac. 50); *Wagner* v. *Hanson,* 103 Cal. 104 (37 Pac. 195); *Santa Monica Lumber Co.* v. *Hege,* 119 Cal. 376, 379 (51 Pac. 555); *Madera F. & T. Co.* v. *Kendall,* 120 Cal. 183, 184 (52 Pac. 304, 65 Am. St. Rep. 177), 18 R. C. L. 943; 27 Cyc. 206, § 13: Boisot, Mech. Liens, § 457.

19. As the statute requires that every instrument executed before a notary public shall contain his official signature in order that full faith and credit shall be given to such instrument, it follows that a pretended certificate of any notary public without such signature is inoperative and void. No faith or credit can be given to such a certificate, as nowhere therein does the notary public under his signature and seal say that the affidavit was sworn to by any one, or sworn to at all.

The affidavit without the signature of the notary public was incomplete and the claim was not properly verified and afforded no evidence that the affidavit was sworn to when it was filed and recorded. This defect cannot be supplied by proof *aliunde*. The claim of lien must be complete in itself and must upon its face show that it was duly verified when filed and recorded. Because of this defect this lien cannot be enforced.

This cause will therefore be remanded to the court below, with directions to enter a decree disallowing the item of $20 contained in the lien of the plaintiff Christman, and disallowing the claim of the Inman Poulsen Lumber Co. In all other respects the decree of the court below will be affirmed.

MODIFIED. REHEARING DENIED.

BURNETT, C. J., and HARRIS and MCBRIDE, JJ., concur.