Argued at Pendleton November 1, 1932; reversed January 24, 1933

## JOHNSON *v.* BRIZENDINE ET AL.
### (18 P. (2d) 247)

*Robert E. Lees,* of Ontario (William E. Lees, of Ontario, on the brief), for appellants.

*Hugh L. Biggs,* of Ontario (Biggs & Biggs, of Ontario, on the brief), for respondent.

■ KELLY, J. It is argued in support of the demurrer to the complaint, as amplified by a supplemental complaint, that said pleadings do not contain an averment of possession by plaintiff of the chattels upon which his claim of lien is sought to be impressed.

In the supplemental complaint, it is alleged:

"That the various machines described and mentioned in the plaintiff's lien notice were mill machinery and were component parts of a single mill. That the vendor of said machinery, the defendant Molasses Equipment Company, furnished the vendee, defendant Brizendine, with written plans, specifications and blue prints for the setting up and installation of said machinery; that said plans, specifications and blue prints called for the building of certain wooden frames, concrete bases, and connecting pieces of machinery to be made and constructed by, or their making and construction supervised by the installing mechanic. That plaintiff herein was employed as the installing mechanic, and said plaintiff made or supervised the making of said wooden frames, concrete bases and connecting pieces of machinery according to the said plans, specifications and blue prints; and that said frames, concrete bases and connecting pieces of machinery so made or caused to be made by and under the supervision of said plaintiff became component parts of the completed mill and were necessary and essential to the completeness of said mill and to said mill's proper functioning and operation."

This allegation discloses that plaintiff had a qualified possession of the property sufficient for the purposes of the work. This suffices to support subsequent proceedings under the statute: *Hiner v. Pitts,* 89 Or. 602 (175 P. 133).

■ It is also argued that plaintiff, as lien claimant, joined lienable and nonlienable items in a single lumping charge in his lien notice; that the same cannot be

segregated without the aid of extrinsic evidence; and therefore said claim of lien is unenforceable.

In the claim of lien, a copy of which is attached to the complaint, it is stated:

"* * * that the amount claimant demands for said labor, skill and material so extended is two hundred thirteen and fifty/100 ($213.50) dollars; that no part thereof has been paid except eighty-four ($84.00) dollars, and that there is now due and remaining unpaid thereon, after deducting all just credits and offsets, the sum of one hundred twenty-nine and fifty/100 dollars, in which amount he claims a lien upon said property."

The statement, which forms a part of the supplemental complaint, inter alia, contains the following items, to wit:

"2. Placing three additional floor joists to carry additional weight of the batch mixer and processor.

\* \* \* \* \*

"1. Placing timbers to hold shaft hangers for operation of elevator.

\* \* \* \* \*

"1. Cutting opening in building.

\* \* \* \* \*

"1. Placing of timbers for hangers and reeves."

Appealing defendants insist that these items are nonlienable, because the work mentioned therein was done upon the building in which the machinery was installed and not upon the machinery itself.

Section 51-501, Oregon Code 1930, is as follows:

"Right to lien granted—General provisions—Automobile tires. Every person, firm or corporation who has expended labor, skill or materials, including automobile tires, upon any chattel, or has furnished storage for said chattel, at the request of its owner, reputed owner, or authorized agent of the owner, or lawful possessor thereof, shall have a lien upon said

chattel for the contract price of all such expenditure, or in the absence of such contract price, for the reasonable worth of such expenditure for a period of one year from and after such expenditure, notwithstanding the fact that the possession of such chattel has been surrendered to the owner, or lawful possessor thereof.''

It is only by virtue of this section, if at all, that plaintiff's lien may be upheld. By its terms, the lien thus given is restricted to expenditure of labor, etc., upon any chattel. In that respect, it is merely declaratory of the common law. Under the common law, the principle underlying the lien for such expenditure is that it results in imparting additional value to the chattel.

Neither the floor joists, the timbers for the shaft hangers and reeves, nor the opening in the building, served to impart any additional value to the machinery, nor could the labor employed in placing the joists and timbers or in cutting the opening be said to have been expended upon the machinery.

These items were included in the single charge made in plaintiff's lien and are incapable of segregation without the aid of extrinsic evidence; therefore, no lien was acquired.

*Christman v. Salway,* 103 Or. 666, 672 (205 P. 541), and cases there cited.

For this reason the demurrer to the complaint, as amplified by the supplemental complaint, should have been sustained.

The decree of the circuit court is reversed and this cause remanded for such further proceedings as are not inconsistent herewith.

RAND, C. J., BEAN and ROSSMAN, JJ., concur.