Argued October 6, affirmed October 25, 1967

THELIN, *Respondent, v.* TAYLOR ET UX, *Appel-
lants,* CHAPMAN ET AL, *Respondents and
Cross-Appellants.*

432 P. 2d 791

150

*Brian O'Brien,* Portland, argued the cause and filed a brief for appellants.

No appearance for respondent Thelin.

*Stanley C. Urbigkeit,* Oregon City, argued the cause for respondents and cross-appellants Chapman. On the brief were Alan R. Jack and Jack, Goodwin & Anicker, Oregon City.

Before McAllister, Presiding Justice, and Sloan and Denecke, Justices.

PER CURIAM.

The trial court foreclosed the labor liens of the plaintiff and the defendants Chapman, and the defendant property owners, the Taylors, appeal. The only issue is whether there is any evidence of the reasonable value of the laborers' work.

The Taylors entered into a remodeling contract with a construction company. The construction company hired the respondent laborers, who are carpenters, two at the rate of $4.33 per hour and one at the rate of $3.25 per hour. Near the end of the job these three laborers were doing common labor, such as breaking up concrete with a sledge. The construction company did not pay the laborers; therefore, they filed labor liens against the Taylor property. They computed the amount of wages due by multiplying the hourly rate at which the construction company had hired them by the number of hours worked, less the time for which they had been paid.

Under these circumstances "the law fixes the amount for which a lien may be had, as the reasonable value of the labor or materials, and not the price which the contractor agreed to pay therefor: * * *."

*Christman v. Salway,* 103 Or 666, 676, 205 P 541 (1922). We find there was evidence of the reasonable value of the parties' services.

The trial court did not believe that the reasonable value was the rate at which the laborers had been hired by the construction company because some of their work was common labor and, therefore, the trial court only awarded about 60 per cent of what the laborers claimed was the reasonable value of their work; nevertheless, there was evidence of reasonable value.

■ The trial court awarded $200 as an attorneys' fee for the services of the Chapman's attorneys. The Chapmans cross-appealed contending this is not a reasonable sum. In view of the amount recovered, $875, and the time spent in trial, we find the trial court's award was within reason.

The decree is affirmed.